J-S67017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDDIE JOHNSON | |
| Appellant | No. 553 WDA 2014 |

Appeal from the Judgment of Sentence March 26, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002460-2013

BEFORE:  DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED DECEMBER 5, 2014**

Appellant, Eddie Johnson, appeals from the March 26, 2014 aggregate judgment of sentence of 351 to 702 months' imprisonment after he was found guilty of one count each of attempted criminal homicide, aggravated assault, robbery, theft by unlawful taking, receiving stolen property, recklessly endangering another person (REAP), and burglary.[1] Contemporaneously with this appeal, counsel has requested leave to withdraw in accordance with ***Anders v. California***, 386 U.S. 738 (1967), and its progeny.  After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), 3701(a)(1)(i), 3921(a), 3925(a), 2705, and 3502(a)(3), respectively.

The trial court succinctly summarized the relevant facts of this case as follows.

On May 28, 2013, Appellant entered without permission into the medical offices of Dr. Justine Schober, M.D., ("Schober") in the city of Erie. Upon encountering Dr. Schober, whose back was turned, Appellant repeatedly bludgeoned her about the head from behind with a heavy, metal, three-hole paper punch, inflicting near-fatal injuries, almost severing an ear and impairing her vision, hearing and balance. Appellant then went into Schober's backpack and stole a Kindle Fire tablet, a leather case and a silver cell phone charger.

Trial Court Opinion, 6/3/14, at 1.

On September 18, 2013, the Commonwealth filed an information charging Appellant with the above-mentioned offenses. On January 17, 2014, Appellant proceeded to a three-day jury trial, at the conclusion of which, the jury found him guilty of all charges. On March 26, 2014, the trial court imposed an aggregate sentence of 351 to 702 months' imprisonment.[2] Appellant did not file a post-sentence motion. On April 4, 2014, Appellant filed a timely notice of appeal.[3]

_____

[2] Specifically, the trial court sentence Appellant to 240 to 480 months' imprisonment for attempted criminal homicide, 102 to 204 months' imprisonment for robbery, nine to 18 months' imprisonment for burglary, and no further penalty on the remaining four charges. All three sentences were to run consecutively to each other.

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925. We note that counsel who has filed the *Anders* brief with this Court is not the same counsel who filed the Rule 1925(b) statement on Appellant's behalf. In
*(Footnote Continued Next Page)*

In her **Anders** brief, counsel raises the following issue on Appellant's behalf.

> Did the trial court err in abusing its discretion when it failed to give a sufficient precautionary instruction to jurors that they must not read articles, watch television, or listen to radio broadcasts about his case, failed to instruct the jurors to inform the court as soon as possible should they read or hear any news accounts about the case and failed to take necessary precautions to conduct careful inquiry of jurors during the trial to determine if they had received any information from the prejudicial news stiroes [sic] about Appellant, the allegations at issue in the case or about three unrelated burglaries for which Appellant had already entered guilty pleas[?]

**Anders** Brief at 2.

When an **Anders** brief is filed, "[t]his Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]." **Commonwealth v. Orellana**, 86 A.3d 877, 879 (Pa. Super. 2014) (citation omitted). For cases where the briefing schedule was issued after August 25, 2009, as is the case here, an **Anders** brief shall comply with the requirements set forth by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of

*(Footnote Continued)* ———————————————

addition, attached to the Rule 1925(b) statement is a hand-written note from Appellant stating that the issue raised in counsel's **Anders** brief is the only issue he wished to raise on appeal. Appellant's Rule 1925(b) Statement, 4/4/14, at 2 n.1, Exhibit A, at 1.

the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361. Additionally, counsel must furnish the appellant with a copy of the brief, advise him in writing of his right to retain new counsel or proceed *pro se*, and attach to the **Anders** petition a copy of the letter sent to appellant as required under **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005). **See Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010) (holding that, "[w]hile the Supreme Court in **Santiago** set forth the new requirements for an **Anders** brief, … the holding did not abrogate the notice requirements set forth in **Millisock** that remain binding legal precedent") (footnote omitted). After counsel has satisfied these requirements, "[w]e will … conduct our [own] independent review of the issues raised by counsel and determine, using our own judgment, whether the appeal is wholly frivolous." **Commonwealth v. Washington**, 63 A.3d 797, 800 (Pa. Super. 2013) (citation omitted).

In the instant matter, we conclude that counsel's **Anders** brief complies with the requirements of **Santiago**. First, counsel has provided a procedural and factual summary of the case with references to the record. Second, counsel advances the sole issue Appellant expressly wished to raise

on appeal. In addition, counsel has stated, upon review of the record, that she discerned no non-frivolous issues that would arguably support an appeal. Third, counsel concluded Appellant's appeal is frivolous as "the jury was instructed to avoid all media coverage of the trial on the first day of trial and on the second day of trial." **Anders** Brief at 5. Lastly, counsel has complied with the requirements set forth in **Millisock**. As a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

Instantly, Appellant argues the trial court abused its discretion in failing to give sufficient cautionary instructions to the jury that it should avoid any and all media coverage about this case as well as three other burglaries to which he pled guilty. **Anders** Brief at 4. However, before we may review this issue, we must determine whether it has been properly preserved for our review.

It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Our Supreme Court has repeatedly emphasized the importance of issue preservation.

> Issue preservation is foundational to proper appellate review. Our rules of appellate procedure mandate that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to

consider the issue. This jurisprudential mandate is also grounded upon the principle that a trial court, like an administrative agency, must be given the opportunity to correct its errors as early as possible. Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. Finally, concepts of fairness and expense to the parties are implicated as well.

*In re F.C. III*, 2 A.3d 1201, 1211-1212 (Pa. 2010) (some internal citations omitted); *accord Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa. Super. 2013) (citation omitted).

In the case *sub judice*, the Commonwealth avers that Appellant's issue on appeal is waived as "the trial record, including ample opportunities at side-bar as well as outside the presence of the jury is devoid of a specific request from [Appellant] concerning the issue he now presents on appeal." Commonwealth's Brief at 4. Our review of the transcript reveals that the trial court did instruct the jury to avoid all media coverage of this case, and not to perform its own investigation, including searches on the Internet during its opening instructions. N.T., 1/17/14, at 10. In addition, at the conclusion of the first day of the trial, the trial court again instructed the jury not to discuss the case within anyone. *Id.* at 55. On the second day of trial, the trial court again instructed the jury to avoid all media coverage and not to discuss the case with anyone. N.T., 1/21/14, at 237. In our review of the transcript, we cannot find a single instance in which Appellant objected or requested the trial court give an additional or different

instruction to the jury. As a result, we deem this issue waived for failure to raise the issue in the trial court. ***See In re F.C. III***, ***supra***; ***Miller***, ***supra***; Pa.R.A.P. 302(a).

Based on the foregoing, we conclude the sole issue raised in Appellant's ***Anders*** brief is waived. As a result, we agree with counsel's assessment that the appeal is wholly frivolous. Accordingly, we affirm the trial court's March 26, 2014 judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Justice Fitzgerald concurs in the result of the memorandum.

Judge Donohue files a Concurring Memorandum in which Justice Fitzgerald joins.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/5/2014