J-S66028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RANEESHA NICOLE EVANS | |
| Appellant | No. 676 WDA 2015 |

Appeal from the PCRA Order entered April 16, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0001505-2009

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 19, 2016**

Appellant, Raneesha Nicole Evans, appeals *pro se* from the April 16, 2015 order entered in the Court of Common Pleas of Erie County, denying as untimely her second petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   Following review, we affirm.

In its notice of intent to dismiss Appellant's petition, the PCRA court provided the following summary of the facts and procedural history of the case:

> After a jury trial, [Appellant] was found guilty *in absentia* of six counts of possession with intent to deliver, criminal conspiracy, six counts of possession, and one count of possession of

---

[*] Retired Senior Judge assigned to the Superior Court.

paraphernalia. On April 29, 2010, [Appellant] was sentenced *in absentia* to an aggregate term of 5 to 10 years' imprisonment. On June 1, 2010, after the [c]ourt granted the Commonwealth's motion to reconsider, the [c]ourt amended [Appellant's] sentence to impose an aggregate term of 8 to 16 years' imprisonment. [Appellant] filed a direct appeal and on November 29, 2011, the Superior Court affirmed her judgment of sentence. **Commonwealth v. Evans**, 718 WDA 2011 (Pa. Super., filed Nov. 29, 2011) (unpublished memorandum).

On February 9, 2012, [Appellant] filed her first PCRA petition alleging, *inter alia*, that she was improperly denied the benefit of RRRI[1] sentences. On July 5, 2012, the [c]ourt dismissed [Appellant's] PCRA petition. [Appellant] filed an appeal, and on April 3, 2013, the Superior Court dismissed her appeal. **Commonwealth v. Evans**, 143 WDA 2012 (Pa. Super., filed April 5, 2013) (unpublished memorandum).

On February 18, 2015, [Appellant] filed a "Petition for Resentencing [u]nder Act 81 RRRI", which [the court] treated as a second PCRA petition.

Notice of Intent to Dismiss, 3/25/15, at 1-2 (footnote omitted).

Appellant filed a timely response to the notice, arguing her petition raised a non-waivable legality of sentence claim. On April 16, 2015, the PCRA court dismissed Appellant's petition. Appellant timely filed an appeal and complied with the PCRA court's directive to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 19, 2015, the PCRA court issued its 1925(a) opinion, incorporating by reference the March 25 notice of intent to dismiss. In that notice, the PCRA court concluded that Appellant's PCRA petition was untimely filed more than a year

---

[1] "Recidivism risk reduction incentive." **See** 61 Pa.C.S.A. § 4501 *et seq.*

after her judgment was final and that Appellant failed to allege any facts to satisfy an exception to the PCRA's time bar.[2]   Notice of Intent to Dismiss, 3/25/15, at 2-3 (citing 42 Pa.C.S.A. § 9545(b)(1)).

In her brief filed with this Court, Appellant restates the same two issues raised in her 1925(b) statement.

> I.      Did the [l]ower [c]ourt err when it failed to apply the RRRI to [A]ppellant's sentence on April 29, 2010, when the Supreme Court ruled that the sentencing court <u>must</u> apply RRRI when a defendant is eligible?
>
> II.     Did the [l]ower [c]ourt err by denying [A]ppellant['']s challenges to the legality of her sentence, when RRRI is one of the <u>CLEAR</u> issues under challenges to the legality of sentence and can never be waived?

Appellant's Brief at 4 (emphasis in original).

_____

[2] To qualify for an exception to the PCRA timeliness requirements, a PCRA petition must allege, and the petitioner must prove, that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

As reflected above, the PCRA court treated Appellant's petition as a second PCRA petition and denied the petition as untimely. In *Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014), this Court reiterated:

> "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, [86 A.3d 795, 803 (Pa. 2014)] (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, [84 A.3d 294, 311 (Pa. 2014)] (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, [82 A.3d 998, 1013 (Pa. 2013)] (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo.* *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

*Id.* at 992.

Before we can consider the merits of Appellant's issues, we must determine if her petition was timely filed.

> Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" *Commonwealth v. Ali*, [86 A.3d 173, 177 (Pa. 2014)] (internal quotation marks and citation omitted). This is to "accord finality to the collateral review process." *Commonwealth v. Watts*, 611 Pa. 80, 23 A.3d 980, 983 (2011) (citation omitted).

*Id.* at 992-93.

In this case, Appellant's judgment of sentence was final on December 29, 2011. Therefore, in accordance with 42 Pa.C.S.A. § 9545(b)(1), absent a recognized exception, Appellant had until December 31, 2012[3] to file a petition, including a second or subsequent petition. Appellant's petition, filed in February 2015, more than two years beyond the deadline, is untimely on its face. Because the petition was untimely filed and because Appellant did not plead or prove any exception to the PCRA's timeliness requirements, the PCRA court was without jurisdiction to consider the petition. *Id.* at 992; ***Commonwealth v. Hernandez***, 79 A.3d 649, 654-55 (Pa. Super. 2013).

Appellant does not acknowledge the time limitations of the PCRA or the PCRA court's lack of jurisdiction over untimely petitions. Instead, she contends that her claim is an illegality of sentence claim that cannot be waived. It is true that a challenge to the legality of a sentence cannot be waived on appeal. ***See, e.g., Commonwealth v. Newman***, 99 A.3d 86, 90 (Pa. Super. 2014). In ***Miller***, this Court recognized:

> It is generally true that "this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte.*" ***Commonwealth v. Orellana***, 86 A.3d 877, 883 n. 7 (Pa. Super. 2014) (citation omitted). However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. ***See Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction[ ]") (citation omitted). As this Court recently noted, "[t]hough not

---

[3] December 29, 2012 was a Saturday.

technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." [**Commonwealth v. Seskey**, 86 A.3d 237, 242 (Pa. Super. 2014)]. As a result, the PCRA court lacked jurisdiction to consider the merits of Appellant's second PCRA petition, as it was untimely filed and no exception was proven.

**Miller**, 102 A.3d at 995-96 (citations omitted).

The PCRA court denied Appellant's petition as untimely and determined it lacked jurisdiction to consider it. We find the PCRA court's determinations are supported by the record and free of legal error. Further, even though a legality of sentence claim can be considered *sua sponte* by this Court under some circumstances, it cannot be considered if this Court lacks jurisdiction over the claim. **See Newman, supra; Miller, supra**. Because Appellant's petition was untimely, this Court lacks jurisdiction over it and cannot consider the merits, if any, of Appellant's claims. Therefore, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2016

- 6 -