J-S07039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID CARTER | |
| Appellant | No. 532 MDA 2015 |

Appeal from the Judgment of Sentence January 29, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002396-2014

BEFORE:  BOWES, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED FEBRUARY 12, 2016**

Appellant, David Carter, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his guilty pleas to two counts of endangering the welfare of children.[1]  Appellant's counsel, Matthew P. Kelly, Esq. ("Counsel"), seeks permission to withdraw representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  In his **Anders** brief, Counsel presents the single issue of whether the trial court abused its discretion in sentencing Appellant.  We hold this issue is waived, affirm the judgment of sentence, and grant Counsel's petition to withdraw.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 4304.

The facts underlying Appellant's convictions are not pertinent to our disposition. On December 8, 2014, the trial court accepted Appellant's guilty pleas and ordered a Pre-Sentence Investigation ("PSI"). During Appellant's January 29, 2015 sentencing hearing, the court noted that upon reviewing the submissions of counsel and the PSI, a sentence within the standard range of the applicable sentencing guidelines was appropriate. N.T. Sentencing Hearing, 1/29/15, at 4-5. The court sentenced Appellant to fourteen to twenty-eight months incarceration on count 1, to run concurrent with fourteen to twenty-eight months' incarceration on count 2. Appellant did not object to his sentence at trial and the court advised him of his right to file a post-sentence motion. *Id.* at 6-7.

While Appellant did not file a post-sentence motion, he did, acting *pro se*, erroneously file a Notice of Appeal to the Commonwealth Court on February 9, 2015. Once the Commonwealth Court transferred jurisdiction to this Court, we directed the trial court to hold a hearing to ascertain whether Appellant desired the assistance of counsel pursuant to **Commonwealth v. Grazier**, 393 A.2d 335 (Pa. 1978). The trial court determined that Appellant did indeed desire counsel and ultimately appointed instant Counsel, as conflict counsel, and granted the public defender leave to withdraw.

As directed by the court, Counsel filed a Pa.R.A.P. 1925(b) statement, which raised one issue: whether the trial court abused its discretion when

sentencing Appellant. The Commonwealth declined to file a brief. As noted, Counsel now presents this Court with an **Anders** petition to withdraw from representation and an **Anders** brief. Therefore, we begin by examining whether Counsel complied with the requirements of **Anders** and **Santiago**.

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant].
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worth of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014) (some citations omitted). If counsel complies with these requirements, "we

- 3 -

will make a full examination of the proceedings in the lower court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.'" *Id.* at 883 n.7 (citation omitted).

Upon review of Counsel's **Anders** petition and brief, we hold that he has complied with the above requirements. In his petition, Counsel avers he reviewed the record and believes there are no non-frivolous bases for appeal. In his **Anders** brief, Counsel summarizes the underlying facts of this case, presents the claim Appellant wishes to pursue, cites relevant law, and discusses why he believes the claim is frivolous. As required, Counsel sent a letter to Appellant, in which he stated he could not find any valid bases for appealing, and advised Appellant he has the right to file an appellate brief *pro se* or with private counsel. We find Counsel has complied with the requirements of **Anders** and **Santiago**. **See Orellana**, 86 A.3d at 880. Appellant has elected not to file a *pro se* or counseled brief. We thus examine the record to determine whether the issue on appeal is wholly frivolous. **See id.** at 883 n.7

Appellant's claim that the trial court abused its discretion when imposing his sentence constitutes a challenge to the discretionary aspects of sentencing. **Commonwealth v. McAffee**, 849 A.2d 270, 274 (Pa. Super 2004). "It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." **Commonwealth v. Mastromarino**, 2 A.3d 581,585 (Pa. Super. 2010).

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) **whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720**; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

*Id.* (citation omitted and emphasis added).

This Court has stated, "[t]o preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted). We may overlook waiver on this ground if the trial court failed to advise a defendant of his right to file a post-sentence motion. *Id.* at 1252; *see* Pa.R.Crim.P. 720.

In this case, Appellant made no objections regarding his sentence at his hearing and did not file a post-sentence motion challenging his sentence. The trial court did advise Appellant of his post-sentence rights. Thus, we agree with Counsel that any appellate challenge to the discretionary aspects of his sentence is waived. *See Malovich*, 903 A.2d at 1251. We therefore do not reach the issue of whether Appellant's claim raises a substantial question. We have also reviewed the record for any other non-frivolous

- 5 -

issues and have found none. Accordingly, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Counsel's petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2016