J-S80032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JOSEPH MICHAEL BLACK | |
| Appellant | No. 700 MDA 2016 |

Appeal from the Judgment Entered September 18, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000944-2015, CP-35-CR-0001216-2014

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                     **FILED NOVEMBER 22, 2016**

Appellant, Joseph Michael Black, appeals from the September 18, 2015 judgment of sentence of forty-five to ninety-six months' incarceration followed by ten years of probation.  Appellant challenges the discretionary aspects of his sentence.  Additionally, Appellant's counsel, Donna M. DeVita, Esq., seeks to withdraw her representation of Appellant pursuant to ***Anders v. California***, 87 S. Ct. 1936 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).   We affirm and grant counsel's petition to withdraw.

We adopt the following statement of facts, garnered from the trial court's opinion, which in turn is supported by the record.  ***See*** Trial Court Opinion (TCO), 6/29/16, at 1-6.  As a result of a Lackawanna County investigating grand jury, Appellant, a prison guard, was charged with numerous crimes related to his sexual misconduct and mistreatment of

female inmates in the Lackawanna County Prison. Five victims testified that Appellant pressured or forced them into having sexual relations with him. As a result of the grand jury's recommendation, Appellant was arrested and charged.

At criminal information CP-35-CR-001216-2014, Appellant was charged with two counts of unlawful restraint/involuntary servitude, one count of indecent exposure, four counts of official oppression, one count of indecent assault, two counts of involuntary deviate sexual intercourse (IDSI) – person substantially impaired, two counts of IDSI – threat of forcible compulsion, and four counts of institutional sexual assault.[1]

At criminal information CP-35-CR-000944-2015, Appellant was charged with one count of indecent exposure, two counts of official oppression, one count of IDSI – forcible compulsion, one count of institutional sexual assault, and one count of criminal attempt – rape by forcible compulsion.[2]

On September 18, 2015, Appellant entered a guilty plea. At criminal information 1216-2014, Appellant pleaded guilty to two counts of unlawful restraint, one count of indecent exposure, and two counts of official oppression. At criminal information 944-2015, Appellant pleaded guilty to one count of indecent exposure and one count of official oppression.

_____

[1] 18 Pa.C.S. § 2902(a)(2), 3127(a), 5301(1), 3126(a)(1), 3123(a)(4), 3123(a)(2), 3124.2(a), respectively.
[2] 18 Pa.C.S. § 901(a).

Appellant underwent a guilty plea colloquy and moved for an immediate sentence, waiving his right to a presentence investigation.

The trial court sentenced Appellant to an aggregate sentence of forty-five to ninety-six months' incarceration followed by ten years of special probation. Appellant timely filed a motion for reconsideration of sentence, which was denied by operation of law.

Appellant timely filed a notice of appeal *pro se*; the trial court appointed appellate counsel, who timely filed a concise statement pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

On August 8, 2016, appellate counsel filed in this Court an **Anders** brief and application to withdraw as counsel. The brief sets forth the following two issues Appellant seeks to raise on appeal:

A. Whether the sentences imposed were harsh and unreasonable and a manifest abuse of discretion?

B. Whether the sentencing court erred and committed an abuse of discretion when it imposed sentences in or above the aggravated ranges where there were no aggravating circumstance[s] on the official oppression charges, the indecent assault charges, and the unlawful restraint charges?

Ander's Brief at 4.

When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under **Anders**, counsel must file a brief that meets the

requirements established by the Pennsylvania Supreme Court in ***Santiago***, namely:

>   (1) provide a summary of the procedural history and facts, with citations to the record;
>
>   (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
>   (3) set forth counsel's conclusion that the appeal is frivolous; and
>
>   (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago****,* 978 A.2d at 361.

>   Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago****,* only then may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers****,* 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In the instant matter, Attorney De Vita's ***Anders*** brief complies with the above-stated requirements. Namely, she includes a summary of the

relevant factual and procedural history, she refers to the portions of the record that could arguably support Appellant's claims, and she sets forth her conclusion that Appellant's appeal is frivolous. She explains her reasoning and supports her rationale with citations to the record as well as pertinent legal authority. Attorney De Vita avers she has supplied Appellant with a copy of her *Anders* brief and a letter explaining the rights enumerated in *Nischan*.[3] Accordingly, counsel has complied with the technical requirements for withdrawal. Thus, we may independently review the record to determine if the issues Appellant raises are frivolous and to ascertain if there are other non-frivolous issues he may pursue on appeal.

Both of Appellant's issues challenge the discretionary aspects of his sentence. In his first issue, Appellant argues that the trial court's sentence was harsh, unreasonable, and a manifest abuse of discretion. In his second issue, Appellant argues that the court erred in imposing sentences above the aggravated ranges where there were no aggravating circumstances on the charges of official oppression, indecent assault, and unlawful restraint.

A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal. *See Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011); *see also* Pa.R.A.P. 2119(f). This Court conducts a four-part analysis to determine: (1) whether Appellant has timely filed a notice of appeal; (2) whether the issue was

---

[3] Appellant has not filed a response to counsel's *Anders* brief.

properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges may raise a substantial question, which is reviewable on appeal. **See Commonwealth v. Rodda**, 723 A.2d 212, 213-14 (Pa. Super. 1999). However, where the trial court sufficiently states it reasons for imposing a sentence outside of the guidelines and acknowledges its awareness of the guidelines on the record, an appellant has not raised a substantial question. **See Commonwealth v. Davis**, 737 A.2d 792, 798 (Pa. Super. 1999); **see also Commonwealth v. Gibson**, 716 A.2d 1275, 1277 (Pa. Super. 1998).

Appellant's brief contains the requisite statement of reasons relied upon in support of appeal as required by 42 Pa.C.S. § 9781(b) and Pa.R.A.P. 2119(f). We acknowledge that he preserved his issue by arguing, in his motion for reconsideration of sentence, that his sentence was illegal, oppressive, and unjust. **See** Motion for Reconsideration of Sentence, 9/29/15, at 1-3 (citing trial court's departure from the sentencing guidelines).

In the instant case, however, the sentencing court demonstrated its awareness of the guidelines on the record.  *See* Notes of Testimony (N. T.), 9/18/15, at 25-27.  Further, it offered reasons for sentencing outside of the guidelines, namely: the duration and length of time in which the crimes occurred; the number of victims; the need to deter similarly situated authority figures; the harm Appellant had done to the criminal justice system as a whole; and that Appellant had taken advantage of helpless women.  These reasons are sufficient to sentence outside of the guidelines and in the aggravated range.  Thus, we decline to find that Appellant has raised a substantial question.

In short, we agree with Attorney De Vita that Appellant's two issues are frivolous.  We have independently reviewed the record, and find no other issues of arguable merit that he could pursue on appeal.  Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/22/2016

- 7 -