J-S55021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JEREMIAH SMITH | |
| Appellant | No. 490 MDA 2017 |

Appeal from the Judgment of Sentence March 8, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002630-2016, CP-40-CR-0002733-2016

BEFORE:  DUBOW, RANSOM, and STRASSBURGER,[*] JJ.

MEMORANDUM BY RANSOM, J.:  **FILED OCTOBER 02, 2017**

Appellant, Jeremiah Smith, appeals from the judgment of sentence of ninety-six to two hundred forty months, imposed March 8, 2017, following an open guilty plea resulting in his conviction for two counts of robbery and one count each of aggravated assault and firearms not to be carried without a license.[1]  Additionally, Appellant's counsel, Matthew P. Kelly, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 87 S. Ct. 1936 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.
[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 2702(a)(4), and 6106(a)(1).

On December 16, 2016, Appellant pleaded guilty to the aforementioned charges. On March 8, 2017, Appellant appeared before the court for sentencing. The court sentenced Appellant to standard range sentences resulting in an aggregate term of ninety-six to two hundred forty months of incarceration. Appellant was advised of his post sentence rights but failed to file a post sentence motion.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The court issued a responsive opinion, finding that Appellant's challenge to the discretionary aspects of his sentence was waived for failure to file a post-sentence motion.

In this court, Appellant's counsel has filed an *Anders* brief, asserting a single issue that Appellant might seek to raise: whether the trial court abused its discretion in sentencing Appellant. *See* Appellant's Brief at 1.

When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under *Anders*, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Santiago*, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, only then may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In the instant matter, Attorney Kelly's *Anders* brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history; he refers to the portions of the record that could arguably support Appellant's claims; and he sets forth his conclusion that Appellant's appeal is frivolous. He explains his reasoning and supports his rationale with citations to the record as well as pertinent legal authority. Attorney Kelly avers he has supplied Appellant with a copy of his *Anders*

brief and a letter explaining the rights enumerated in **Nischan**. Accordingly, counsel has complied with the technical requirements for withdrawal. Thus, we may independently review the record to determine if the issues Appellant raises are frivolous and to ascertain if there are other non-frivolous issues he may pursue on appeal.

The sole issue counsel potentially raises on Appellant's behalf is a challenge to the discretionary aspects of his sentence. **See** Appellant's Brief at 10-14. A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal. **See Commonwealth v. Coulverson**, 34 A.3d 135, 142 (Pa. Super. 2011); **see also** Pa.R.A.P. 2119(f). This Court conducts a four-part analysis to determine: (1) whether Appellant has timely filed a notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

Appellant timely filed a notice of appeal but did not preserve his discretionary challenge in a post sentence motion and, accordingly, has waived his sole issue for purposes of appeal. **See Leatherby**, 116 A.3d at 83. In short, we agree with Attorney Kelly that Appellant's issue is frivolous. We have independently reviewed the record and find no other issues of

arguable merit that he could pursue on appeal. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2017