J-S69021-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| KELLY DONAHUE | |
| Appellant | No. 509 WDA 2017 |

Appeal from the Judgment of Sentence February 21, 2017
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000534-2002

BEFORE:  BOWES, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    FILED JANUARY 3, 2018

Appellant, Kelly Donahue, appeals from the judgment of sentence entered February 21, 2017, which was imposed after the revocation of Appellant's probation.  Additionally, Appellant's counsel, Mark A. Wallisch, Esq., seeks to withdraw his representation of Appellant pursuant to Anders v. California, 87 S. Ct. 1936 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).  We affirm and grant counsel's petition to withdraw.

The procedural history of the instant matter is convoluted.  On March 18, 2003, Appellant entered a guilty plea to one count of driving under the influence – second offense and one count of fleeing or attempting to elude.[1]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] See 75 P.S. §§ 3731(a)(1) and 3733(a), respectively.

That same day, Appellant received an aggregate sentence of one to two years of incarceration followed by two years of probation, to be served consecutive to a sentence on a separate docket in Clearfield County.[2]   See Notes of Testimony (N.T.), 9/23/2003, at 6-7; see also CP-17-CR-000453-2002. Appellant did not timely file a direct appeal in the instant DUI, but on September 9, 2003, filed a pro se petition seeking relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9545.   Ultimately, the litigation of this petition was not successful.

Appellant was released from prison in February 2016, though it is unclear as to his parole or probation status at that time.  However, it is clear from the notes of testimony that at that time, probation had not yet begin on his 2003 DUI case.  In October 2016, a detainer was issued for his arrest due to new charges.[3]   In November 2016, Appellant appeared for a Gagnon I[4] hearing without counsel.  Final disposition was scheduled for a later date.

_____

[2] Appellant had been incarcerated on charges in another case.  See Commonwealth v. Donahue, 981 A.2d 310 (Pa. Super. 2009) (unpublished memorandum).

[3] Appellant was convicted of public drunkenness in Berks County and false identification to law enforcement in York County in October 2016.  See N.T., 2/21/17, at 3.

[4] See Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (concluding that due process requires parolee be given a preliminary (Gagnon I) and final (Gagnon II) hearing prior to parole revocation).

On February 21, 2017, the court held a Gagnon II hearing. At that hearing, the court took judicial notice of Appellant's plea and sentence for public drunkenness in Berks County and his plea and sentence for false identification to law enforcement in York County. See N.T., 2/21/17, at 3. The court noted that although Appellant had not yet started his probation on the 2003 sentence due to the time taken to complete the Clearfield County sentence, it would sentence him for pre-probation activity as Appellant had received new charges. Id. at 3-4. At the conclusion of the hearing, the court revoked Appellant's probation and re-sentenced Appellant to six months to two years of incarceration with credit for time served from October 14, 2016, consecutive to Appellant's other sentences, i.e. the Berks and York County sentences. Id.

Appellant pro se timely filed a notice of appeal, and appointed counsel filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court issued a responsive opinion.

In this Court, Appellant's counsel has filed an Anders brief, asserting a single issue that Appellant might seek to raise: whether the trial court abused its discretion in sentencing Appellant. See Appellant's Brief at 6. Appellant also questions whether there are any non-frivolous issues preserved on appeal.[5] Id.

_____

[5] Although initially phrased as a question, counsel later concludes there are no non-frivolous issues preserved on appeal. See Appellant's Brief at 4, 9-10.

- 3 -

When faced with a purported Anders brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. Commonwealth v. Goodwin, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc). Prior to withdrawing as counsel on direct appeal under Anders, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in Santiago, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361.

> Counsel also must provide a copy of the Anders brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the Anders brief." Commonwealth v. Nischan, 928 A.2d 349, 353 (Pa. Super. 2007), appeal denied, 594 Pa. 704, 936 A.2d 40 (2007).

Commonwealth v. Orellana, 86 A.3d 877, 879-880 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of Anders and Santiago, only then may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues

overlooked by counsel." Commonwealth v. Flowers, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In the instant matter, Attorney Wallisch's Anders brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history; he refers to the portions of the record that could arguably support Appellant's claims; and he sets forth his conclusion that Appellant's appeal is frivolous. He explains his reasoning and supports his rationale with citations to the record as well as pertinent legal authority. Attorney Wallisch avers he has supplied Appellant with a copy of his Anders brief and a letter explaining the rights enumerated in Nischan. Accordingly, counsel has complied with the technical requirements for withdrawal. Thus, we may independently review the record to determine if the issues Appellant raises are frivolous and to ascertain if there are other non-frivolous issues he may pursue on appeal.

The sole issue counsel potentially raises on Appellant's behalf is a challenge to the discretionary aspects of his sentence. See Appellant's Brief at 9-10. A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal. See Commonwealth v. Coulverson, 34 A.3d 135, 142 (Pa. Super. 2011); see also Pa.R.A.P. 2119(f). This Court conducts a four-part analysis to determine: (1) whether Appellant has timely filed a notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief has a fatal defect; and (4) whether

there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). Commonwealth v. Leatherby, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

Appellant timely filed a notice of appeal but did not preserve this issue at sentencing or in a post-sentence motion. Accordingly, we may not reach the merits of his issue. See Leatherby, 116 A.3d at 83.

In short, we agree with Attorney Wallisch that Appellant's issue is frivolous. We have independently reviewed the record and find no other issues of arguable merit that he could pursue on appeal. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Petition to withdraw granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judge Bowes joins memorandum.

P.J.E. Stevens concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2018