J-S39030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLINTON ALLEN GEIST | : | |
| | : | |
| Appellant | : | No. 1621 MDA 2017 |

Appeal from the Judgment of Sentence September 13, 2017
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0002198-2016

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 28, 2018**

Clinton Allen Geist (Appellant) appeals from the judgment of sentence imposed after he pled guilty to possession of a controlled substance (heroin) and possession of drug paraphernalia.[1]  Additionally, Appellant's counsel, Matthew Welickovitch, Esq. (Counsel), seeks to withdraw from representation pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).  After careful review, we deny Counsel's petition to withdraw and remand for further action by Counsel.

The facts and procedural history of Appellant's convictions are not necessary to our disposition.  We only note that Appellant filed a timely notice of appeal from the imposition of his sentence on October 12, 2017.  On April 27, 2018, Counsel filed with this Court an "Application to Withdraw as

---

[1] 35 P.S. §§ 780-113(a)(16), (32).

Counsel," and *Anders* brief. Counsel asserted that Appellant seeks to raise the following question for our review: "WHETHER THE COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA WHEN APPELLANT WAS UNDER A STATE OF APPARENT INTOXICATION; WHEATHER THAT PLEA WAS VOLUNTARY AND UNDERSTANDINGLY TENDERED GIVEN THE CIRCUMSTANCES." *Anders* Brief at 3 (unnumbered pages). According to Counsel, this claim is frivolous, and Counsel cannot identify any other non-frivolous issues to present on appeal.

Preliminarily, "[t]his Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]." *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the following requirements:

> (1) Provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusions that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Dempster*, --- A.3d ----, 2018 WL 2111634, at *3 (Pa. Super. 2018). Counsel must also provide a copy of the *Anders* brief to his client. With the brief, counsel must include a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders*

- 2 -

brief." ***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014) (quoting ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007) ***appeal denied***, 936 A.2d 40 (Pa. 2007)).  After determining that counsel has satisfied the technical requirements of ***Anders/Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Dempster***, 2018 WL 2111634, at *4.

Here, we are constrained to conclude that Counsel failed to satisfy the technical requirements for withdrawal.  While Counsel advised Appellant of his rights under ***Nischan*** to proceed *pro se* or retain private counsel, Counsel's application to withdraw and his ***Anders*** brief do not indicate service on Appellant.  Specifically, the withdrawal petition does not contain any proof of service on Appellant.  Likewise, although the ***Anders*** brief contains a proof of service, it lists a different appellant's name as having been served via first class mail.[2]  In light of this record, it is unclear whether Appellant has been provided with Counsel's ***Anders*** brief or petition to withdraw.

Therefore, we are compelled to deny Counsel's petition to withdraw. Within 21 days of the filing date of this memorandum, Counsel shall file with this Court proof that he has served upon Appellant: (1) Counsel's petition to withdraw; and (2) Counsel's ***Anders*** brief.  Appellant shall then have 30 days

---

[2] We also note that, to date, Appellant has not filed any response to Counsel's petition to withdraw or ***Anders*** brief.

from the date on which Counsel files that proof of service in this Court to file a response.

Petition to withdraw denied. Case remanded with instructions. Jurisdiction retained.