**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Raul E. ORELLANA, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 12, 2013.

Filed Feb. 24, 2014.

---

James P. Gregor, Stroudsburg, for appellant.

Elmer D. Christine, Jr., District Attorney, Stroudsburg, for Commonwealth, appellee.

BEFORE: GANTMAN, J., OLSON, J., and WECHT, J.

OPINION BY WECHT, J.:

Raul Orellana ("Orellana") appeals from his April 16, 2013 judgment of sentence. We remanded this case to permit the Monroe County Public Defender's office to file an "*Anders/Santiago*"-compliant brief.[1] *See Commonwealth v. Orellana*, 1423 MDA 2013, slip op. at 5 (Pa.Super. Dec. 30, 2013). On remand, Orellana's counsel has submitted an *Anders* brief and filed a petition to withdraw. We deny counsel's motion. Additionally, we remand, again, due to counsel's failure to comply with the requirements of *Anders/Santiago*. Specifically, counsel has identified a potentially meritorious issue in his brief before this Court, yet continues to seek leave to withdraw.

---

1. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349, 361 (2009).

On September 10, 2012, Orellana was charged by criminal information with driving under the influence ("DUI") general impairment (second offense),[2] disregarding traffic lanes,[3] careless driving,[4] and exceeding the established speed limit by twenty miles per hour.[5] On January 30, 2013, a jury found Orellana guilty of DUI general impairment graded as a first-degree misdemeanor, disregarding traffic lanes, and exceeding the maximum speed limit, both summary offenses. On April 23, 2013, Orellana was sentenced to ninety days' to twelve months' confinement on the general impairment charge. Additionally, his license was suspended for eighteen months and he was ordered to pay various fines. No additional sentence was assessed on the remaining charges.

On May 14, 2013, Orellana filed a timely notice of appeal. On May 15, 2013, the trial court ordered Orellana to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On June 6, 2013, Orellana timely complied. On June 27, 2013, the trial court issued its opinion pursuant to Pa.R.A.P. 1925(a). On July 3, 2013, Orellana filed a motion for parole. That motion was granted on July 17, 2013.

On August 20, 2013, Orellana's appellate counsel filed a brief claiming that Orellana had waived the two issues he wished to raise on appeal, namely, challenges to the weight and sufficiency of the evidence, for failure to file post-sentence motions. *See Orellana,* 1423 MDA 2013, slip op. at 3–4. On September 16, 2013, the Commonwealth adopted counsel's reasoning and filed an application to dismiss Orellana's appeal on identical bases. *See* Common-wealth's Application to Dismiss, 9/16/2013, at 1 (unpaginated).

Although not specifically styled as such, Orellana's counsel essentially argued in his first brief that all of his client's appellate issues were frivolous. As such, we chose to treat his submission as an *Anders/Santiago* brief, even though counsel did not file the customary petition to withdraw. *See Orellana,* 1423 MDA 2013, slip op. at 1–2. On December 30, 2013, we issued a memorandum, in which we found that counsel had failed to comply with the requirements of *Anders/Santiago.* Specifically, we found that counsel's theory that Orellana had waived his challenge to the sufficiency of the evidence was infirm. *Id.* at 3–4 (quoting *Commonwealth v. Gezovich,* 7 A.3d 300, 302 n. 2 (Pa.Super.2010) ("[C]ounsel [is] not required to make a motion with the trial court in order to preserve a challenge to the sufficiency of the evidence[.]")); *see* Pa.R.Crim.P. 606(A)(7). We remanded to allow counsel to resubmit either an advocate's brief, or a petition to withdraw and a proper *Anders* brief. *Orellana,* 1423 MDA 2013, slip op. at 4–5. We also denied the Commonwealth's application to dismiss Orellana's appeal. *Id.*

Appointed counsel has, as noted above, filed a new *Anders/Santiago* brief asserting that Orellana has no meritorious issues to pursue on appeal, and a corresponding petition to withdraw as counsel. This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by Orellana. *Commonwealth v. Goodwin,* 928 A.2d 287, 290 (Pa.Super.2007) *(en banc ).*

Prior to withdrawing as counsel on a direct appeal under *Anders,* counsel

2. 75 Pa.C.S. § 3802(a)(1).

3. 75 Pa.C.S. § 3309(1).

4. 75 Pa.C.S. § 3714(a).

5. 75 Pa.C.S. § 3362(a)(3).

must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super.2007), appeal denied, 594 Pa. 704, 936 A.2d 40 (2007).

■ Upon remand, counsel properly has submitted a petition to withdraw. *See* Petition to Withdraw as Counsel, 1/24/2014, at 1–2. Counsel also has complied with the first two requirements of *Anders*. He has provided a thorough review of the factual and procedural history of the case, with citations to the record, *Anders* Brief for Orellana at 4–7, and has discussed two potential theories that may support Orellana's appeal. *Id.* at 9–12. Additionally, counsel has complied with *Nischan* by sending a letter to Orellana on January 22, 2014, that informed him of counsel's intention to file an *Anders* brief. The letter also informed Orellana of his right to pursue his appeal *pro se* or with the assistance of another, privately retained attorney. *See* Letter, 1/22/2014. However, counsel patently has failed to comply with the remaining strictures of *Anders/Santiago* because, rather than concluding that Orellana's appeal is wholly frivolous, counsel actually concludes that Orellana's case presents an appellate issue of arguable merit. Because appellate counsel ultimately concludes that Orellana may have a cognizable issue on appeal, he is precluded, as a matter of law, from concluding that Orellana's appeal is frivolous. Thus, counsel has failed to comply with the technical requirements of *Anders* and *Santiago*.

In establishing the *Anders* framework, the United States Supreme Court stated unequivocally that indigent defendants are entitled to representation on direct appeal:

In *Gideon v. Wainwright*, 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799] (1963), the Sixth Amendment's requirement that "the accused shall enjoy the right ... to have the Assistance of Counsel for his defence" was made obligatory on the States by the Fourteenth Amendment, the Court holding that "in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." *Gideon*, 372 U.S. at 344 [83 S.Ct. 792]. We continue to adhere to these principles.

\* \* \*

■ The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate [o]n behalf of his client, as opposed to that of *amicus curiae* .... His role as advocate requires that he supports his client's appeal to the best of his ability. Of

course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.... [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.... **[If the court] finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.**

*Anders,* 386 U.S. at 742, 744, 87 S.Ct. 1396 (emphasis added, citations modified). This Court also has ruminated on the importance of zealous representation in the context of the *Anders/Santiago* framework:

[T]he *Anders* requirements to withdraw from representation on direct appeal are ... stringent, and with good reason. A defendant has a constitutional right to a direct appeal, *see* Pa. Const. Art. [I], § 9, and a constitutional right to counsel for his direct appeal. *See Douglas v. California,* 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811] (1963); Pa. Const. Art. I., § 9.... Due to these constitutional concerns, it is incumbent upon counsel seeking to withdraw to afford the defendant competent representation, and not to argue against his client's interests.

*Commonwealth v. Smith,* 700 A.2d 1301, 1304 (Pa.Super.1997) (citations modified). It also is well-established under Pennsylvania caselaw that a finding that an appeal is wholly frivolous is a condition precedent to a request to withdraw as appellate counsel under *Anders.* "[T]he right to withdraw [under *Anders* ] is in the first instance tied to a finding, after a conscientious review of the record, that the appeal is 'wholly frivolous.'" *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185, 1187 (1981) (citing *Anders,* 386 U.S. at 744,

87 S.Ct. 1396), *abrogated on other grounds, Santiago,* 978 A.2d at 361.

Here, counsel fully has discussed Orellana's challenge to the sufficiency of the evidence, which was the subject of our earlier memorandum. Counsel has recited the relevant legal standards for challenges to the sufficiency of the evidence at length, and intelligently discussed the evidence presented by the Commonwealth at Orellana's trial. *Anders* Brief for Orellana at 7–12. This, however, is not the only issue mentioned in counsel's *Anders* brief. Rather, counsel apparently has discovered a novel, potentially meritorious claim relating to the legality of Orellana's sentence:

Subsequent to this appeal and while this matter was pending, the Pennsylvania [Superior] Court handed down the decision in *Commonwealth v. Musau,* 69 A.3d 754 (Pa.Super.2013), [on] June 28, 2013. Under this case, [Orellana's] sentence to a maximum of one year [imprisonment] is illegal, such that the sentence should be vacated and the matter remanded for resentencing. The legality of a sentence is not waiv[able], and this [C]ourt may review such sentence even if the sentence was not challenged within the time constraints allowed.

*Anders* Brief for Orellana at 7 (citations modified). Counsel's language bespeaks no small amount of confidence in the strength of the stated sentencing issue. Yet, oddly enough, counsel continues to assert in his petition to withdraw before this Court, and in his correspondence with Orellana, that he is seeking to withdraw as appellate counsel under *Anders:*

3. After a conscientious review of the case, counsel believes that [the sufficiency of the evidence claim] is without merit, and that such an appeal would be frivolous. Counsel further has determined that there are no additional issues that[,] as to the merits of the case[,] can

be sustained on appeal. However, subsequent case law has rendered the maximum sentence illegal in that it should be limited to only 6 months, and the matter should be remanded expeditiously for re-sentencing.

4. Counsel therefor requests permission to withdraw as Appellate Counsel

Petition to Withdraw as Counsel, 1/24/2014, at 1–2 (unpaginated); *see* Letter to Orellana, 1/22/2014, at 1–2 (stating that counsel is "required to file a motion to withdraw" despite telling Orellana that he is "entitled to a reduction in [his] maximum sentence").

■ Counsel's attempt to withdraw is improper. *Anders* withdrawal is only permissible in an appeal consisting solely of frivolous issues. *Accord McClendon*, 434 A.2d at 1187.

■ It is clear from the preceding discussion that counsel is confused regarding the requirements of *Anders/Santiago*. By asserting that a nonfrivolous issue remains, he has undermined the entire basis for his application to withdraw. Although we do not know the exact nature of counsel's misapprehension,[6] we note for his benefit that the right to representation on direct appeal is **not** satisfied merely by addressing those issues that the unschooled client wishes to advance. Rather, under *Anders*, "the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal. **The universe of potential claims is not limited**

to those claims and testimony that counsel's unschooled client believes the court should consider." *Santiago*, 978 A.2d at 360 (emphasis added). In *Commonwealth v. Kearns*, 896 A.2d 640 (Pa.Super.2006), this Court elaborated upon appellate counsel's duty to his client:

Our system of appellate review is based upon the notion that an adversarial process will best advance the interests of the parties and the development of the law. In this process, each side is expected to make its best argument(s) and the appellate court decides which argument is of greater merit. It appears that unless a position is without question defeated by existing caselaw, **an appointed counsel should advance the best argument [that he] is capable of constructing and allow the appellate court to make the ultimate determination that the argument lacks merit.** It may be that counsel believes that the argument advanced is unlikely to ultimately prevail. Nevertheless, this does not mean that the appeal is wholly frivolous.

896 A.2d at 647 (emphasis added).

■ Based upon the preceding discussion, we cannot grant counsel's petition to withdraw. Counsel has stated in three separate documents submitted to this Court that he believes a non-frivolous issue remains in Orellana's appeal. Consequently, counsel cannot comply with the last two prongs of *Santiago*, requiring counsel to set forth his conclusion that an appeal is frivolous, and his basis for that conclusion.[7]

---

**6.** Our earlier memorandum in this case did not explicitly order counsel to file an *Anders* brief. Rather, on remand, we provided counsel with the following instructions: "[W]e direct [Orellana's] counsel either to file a responsive advocate's brief **or** to re-file his *Anders/Santiago* brief, along with a proper petition to withdraw." *See Orellana*, 1423

MDA 2013, slip op. at 4 (emphasis added). Furthermore, we stated that, "[s]hould counsel choose to re-file his *Anders/Santiago* brief, we direct him to adhere to the requirements described earlier in this [memorandum]." *Id.*

**7.** We recognize that this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte*. *See Commonwealth*

978 A.2d at 361. Moreover, it is well-established under Pennsylvania law that, "if there are non-frivolous issues [present in an *Anders* brief], we will deny the petition [to withdraw] and remand for the filing of an advocate's brief." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super.2007) (citing *Kearns*, 896 A.2d at 647).

Consequently, we direct Orellana's counsel to file an advocate's brief addressing, at the very least, the potentially meritorious issue mentioned in his *Anders* brief.[8] We also direct counsel to address any other meritorious issue that his review of the case may uncover. *See Santiago*, 978 A.2d at 360. Counsel's brief shall be filed within thirty days of the date of this decision.

Case remanded for further action consistent with this opinion. Motion to withdraw as counsel denied. Jurisdiction retained.

*v. Randal*, 837 A.2d 1211, 1214 (Pa.Super.2003) ("An illegal sentence can never be waived and may be reviewed *sua sponte* by this Court.") (citing *Commonwealth v. Archer*, 722 A.2d 203, 209 (Pa.Super.1998) (*en banc* )). However, in the specific context of *Anders*, the United States Supreme Court has declared that, if a court determines that non-frivolous issues remain in an appeal, it must afford an indigent defendant the assistance of counsel **prior to decision.** *See Anders*, 386 U.S. at 744, 87 S.Ct. 1396. Therefore, we conclude that it would be improvident to review the merits of Orellana's sentencing issue *sua sponte* without providing him his constitutionally mandated right to the assistance of counsel on direct appeal.

For the same reason, we will not conduct an independent review on the merits. *See Goodwin*, 928 A.2d at 290; *Smith*, 700 A.2d at 1303 ("It is only after all of the requirements attendant to counsel's request to withdraw are satisfied that we will make a full examination of the proceedings in the lower court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.' "). Thus, we do not reach the sentencing issue discussed by counsel. We express no opinion as to the issue's potential merit.

8. It remains within counsel's discretion and judgment to file another brief pursuant to *Anders/Santiago*. We make no pronouncement here regarding the relative merit of any of Orellana's potential appellate issues. *See* note 8, *supra*. However, unless counsel is able completely to satisfy **all** of the requirements of *Anders/Santiago*, including a finding of frivolity as to all possible appellate issues, he must file an advocate's brief. *See Kearns*, 896 A.2d at 643 ("[A]n issue that appears to have at least arguable merit ... compels briefing by an interested advocate as opposed to one seeking to withdraw his representation due to his assessment that the appeal is 'wholly frivolous.' ").