J-S06036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DUANE E. FULGER | |
| Appellant | No. 2812 EDA 2016 |

Appeal from the Judgment of Sentence August 18, 2016
in the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006387-2014

BEFORE: MOULTON, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED MARCH 03, 2017**

Appellant, Duane E. Fulger, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas after a jury found him guilty of rape of a child[1] and related offenses. Appellant's counsel ("Counsel") has filed a petition to withdraw from representation and an ***Anders***[2] brief. We deny Counsel's petition to withdraw.

It is well settled that

> [t]his Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant].
>
> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(c).

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***see also Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

requirements established by our Supreme Court in **Santiago**.  The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

> **Santiago**, 978 A.2d at 361.  Counsel also must provide a copy of the **Anders** brief to his client.  Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014) (some citations omitted).  Counsel "must also provide a copy of the **Anders** petition and brief to the appellant[.]"  **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007).

Instantly, in his petition to withdraw, Counsel requests

> that he be permitted to withdraw as counsel, so that Defendant/Appellant may either be **appointed new counsel** or proceed *pro se* in pursuing the filing of an Amended Concise Statement of Matters Complained of on Appeal and subsequent briefing and litigation of his direct appeal.

- 2 -

Counsel's Pet. to Withdraw, 11/8/16, at ¶ 13 (emphasis added).[3]

Additionally, Counsel's petition does not assert that Counsel conscientiously reviewed the record and determined that an appeal was frivolous.[4]

We further note that in response to this Court's order, Counsel has filed a September 28, 2016 letter to Appellant. Although Counsel's letter more properly apprised Appellant that he had the right to, *inter alia*, "retain new counsel," it did not clearly state that Counsel intended to withdraw. Moreover, the letter adverted only to providing Appellant with a copy of Counsel's Pa.R.A.P. 1925(c)(4) statement.

Thus, we find insufficient indication that Appellant (1) has been properly apprised of Counsel's intent to withdraw on appeal, (2) understands his right to retain new counsel or proceed *pro se*, and (3) has been provided a copy of Counsel's petition to withdraw and **Anders** brief. Accordingly, we deny Counsel's petition to withdraw.

Within fifteen days of this memorandum, Counsel shall file in this Court a new petition to withdraw from representation and a copy of a new letter to Appellant. The letter shall apprise Appellant of Counsel's intention to withdraw and Appellant's right to retain new counsel or proceed *pro se*.

---

[3] The proofs of service filed with Counsel's **Anders** brief and petition to withdraw do not indicate service of those documents on Appellant.

[4] Counsel's **Anders** brief does contain a statement that he conscientiously reviewed the record and determined the appeal possessed no meritorious issues and was wholly frivolous. **Anders** Brief at 3, 11-12.

Additionally, Counsel shall attach to the letter copies of his new petition to withdraw and his **Anders** brief. Appellant shall have sixty days from the date Counsel files the new petition to withdraw and letter in this Court to respond. The Prothonotary of this Court shall serve a copy of this memorandum on Appellant.

Petition to withdraw denied with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2017