J-S79033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JACKIE S. KAUFFMAN, | : | |
| | : | |
| Appellant | : | No. 1170 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 11, 2018
in the Court of Common Pleas of Mifflin County
Criminal Division at No(s): CP-44-CR-0000653-2016

BEFORE: SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 12, 2019**

Jackie S. Kauffman ("Kauffman") appeals from the judgment of sentence entered after a jury convicted her of endangering the welfare of children ("EWOC").[1] Additionally, counsel for Kauffman, Robert R. Ferguson, Esquire ("Attorney Ferguson"), has filed a Petition to Withdraw as counsel and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).[2] As we conclude that Attorney Ferguson has failed to comply with the requirements of ***Santiago***, we deny the Petition to Withdraw and remand for counsel to file

---

[1] ***See*** 18 Pa.C.S.A. § 4304(a)(1).

[2] Instead of filing the Petition to Withdraw and ***Anders*** Brief as separate documents, counsel filed a single document.

either an ***Anders***/***Santiago*** brief that satisfies *all* of the requirements, or an advocate's brief on Kauffman's behalf.

Briefly, Kauffman's conviction arises out of her failure to protect her minor daughter from being exposed to, and eventually assaulted by, a known sex offender, Kauffman's paramour. After a jury found Kauffman guilty of EWOC, the trial court sentenced her to serve one to two years in prison. Kauffman, through Attorney Ferguson, timely filed a Post-sentence Motion challenging the sufficiency and weight of the evidence, as well as the discretionary aspects of sentencing. The trial court denied the Post-sentence Motion by an Order entered on June 26, 2018.

Kauffman timely filed a counseled Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. In the Concise Statement, Attorney Ferguson announced his intent to file an ***Anders*** brief, and identified that Kauffman wished to pursue her sufficiency of the evidence and excessiveness of sentencing challenges. The trial court filed a Pa.R.A.P. 1925(a) Opinion, determining that both of Kauffman's identified issues lacked merit. Thereafter, Attorney Ferguson filed the Petition to Withdraw/***Anders*** Brief. Kauffman did not file a *pro se* brief or respond to the Petition to Withdraw/***Anders*** Brief.

We must first address Attorney Ferguson's Petition to Withdraw before reaching the merits of the issues raised in the ***Anders*** Brief. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en*

*banc*) (stating that "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw.").

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) **state counsel's reasons for concluding that the appeal is frivolous**. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361 (emphasis added); **see also id.** at 360 (stating, "we hold that a discussion of counsel's reasons for believing that the client's appeal is frivolous is **mandatory** and **must** be included in counsel's brief.")

(emphasis added).[3] This Court has stated that the above-listed requirements are "stringent, and with good reason. A defendant has a constitutional right to a direct appeal, *see* Pa. Const. Art. I, § 9, and a constitutional right to counsel for [her] direct appeal." *Commonwealth v. Orellana*, 86 A.3d 877, 881 (Pa. Super. 2014) (some citations and brackets omitted).

Here, though Attorney Ferguson states in his Argument section that Kauffman wishes to raise a sufficiency challenge and excessiveness of sentence challenge, nowhere does he (1) state his reasons for determining that these claims are frivolous; or (2) refer to anything in the record that he believes arguably supports the appeal, in violation of *Santiago*. *See Santiago*, *supra*. Accordingly, we deny Attorney Ferguson's Petition to Withdraw without prejudice, and remand so that Attorney Ferguson may comply with *Santiago*, or file an advocate's brief.

---

[3] The *Santiago* Court explained why it is important that counsel articulate his or her reasons for concluding that an appeal is frivolous as follows:

> We are persuaded that requiring counsel to articulate the basis for his or her conclusion of frivolity will advance the twin functions counsel's *Anders* brief is to serve, *i.e.*, it will assist the intermediate appellate courts in determining whether counsel has conducted a thorough and diligent review of the case to discover appealable issues and whether the appeal is indeed frivolous. … [T]he task of articulating reasons can shed new light on what may at first appear to be an open-and-shut issue. It can also reveal to counsel previously unrecognized aspects of the record or the law and thereby provide a safeguard against a hastily-drawn or mistaken conclusion of frivolity.

*Santiago*, 978 A.2d at 360-61 (internal citations omitted).

Petition to withdraw denied.  Case remanded with direction that counsel file either an **Anders**/**Santiago** brief or an advocate's brief within sixty days of the date of this Memorandum.  Panel jurisdiction retained.

Judge Shogan joins the memorandum.

Judge Olson files a dissenting memorandum.