J-A21015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD LEWIS | : | |
| | : | |
| Appellant | : | No. 1261 EDA 2017 |

Appeal from the Judgment of Sentence March 22, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006075-2015

BEFORE: PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY PANELLA, J.: **FILED MARCH 21, 2019**

Appellant, Edward Lewis, appeals from the judgment of sentence following his open guilty plea to possession of marijuana by an inmate, 18 Pa.C.S.A. § 5123, and conspiracy to commit possession of marijuana by an inmate, 18 Pa.C.S.A. § 903. Appellant asserts that his counseled waiver of any claim of his counsel's conflict of interest was not knowing, voluntary, and intelligent. Appellate counsel has filed an **Anders** Brief, and an application to withdraw.[1] We conclude that counsel has failed to comply with the requirements of **Anders** and **Santiago**. Accordingly, we deny the petition to

---

[1] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

withdraw and remand for counsel to file either a brief that satisfies all of the *Anders*/*Santiago* requirements, or an advocate's brief.

Briefly summarized for background, Pennsylvania State Police arrested Appellant and his girlfriend, Najeeyah Robinson, after prison officials at SCI Chester intercepted telephone conversations in which the pair plotted (in coded language) for Robinson to bring a controlled substance to Appellant, then an inmate. The arrests stemmed from events which occurred on March 9, 2015. During a pre-visit search at the prison, a state trooper found a wrapped package of a green leafy substance, later confirmed to be marijuana, hidden in Robinson's underwear.

On October 21, 2016, after both a written and an extensive on-the-record oral colloquy, the trial court found Appellant's guilty plea to be knowing, voluntary, and intelligent and accepted the counseled open guilty plea to the two charges previously noted. *See* N.T., Guilty Plea, 10/21/2016, at 14. Notably for this appeal, at the hearing Appellant also waived any objection to representation by a lawyer from the same firm that represented his co-defendant, Ms. Robinson. *See id.* at 8.

At the sentencing hearing, on March 22, 2017, Appellant made an oral motion to withdraw his plea. He was apparently upset that his codefendant, who had also pleaded guilty, received a lighter sentence. *See* N.T. Sentencing, 3/22/17, at 4; *see also* Trial Court Opinion, 1/19/18, at 2 (Appellant believed he did not get a "good enough deal").

- 2 -

After denying Appellant's motion to withdraw the plea, the court sentenced him to two concurrent terms of not less than thirty-five nor more than seventy months of incarceration in a state correctional institution. Appellant was not eligible for RRRI.

This appeal followed.[2]  This Court granted Attorney DeSipio's April 26, 2017 "Motion To Withdraw As Counsel," on May 23, 2017, and directed the trial court to determine if Appellant was eligible for appointed counsel.  *See* Order, 5/23/17.  The trial court complied and in due course, appointed Richard J. Blasetti, Esq. of the Delaware County Defender's office to represent Appellant.  Attorney Blasetti filed an *Anders* brief, and an application to withdraw as counsel.  Appellant did not reply to counsel's notice and *Anders* brief.

The statement of questions involved in the *Anders* brief contains one claim, which we reproduce verbatim:

> Should there be remand to determine a dual-representation conflict when two trial counsel from one law firm represented Appellant and his codefendant, each of whom agreed to testify against the other, each espoused a different version of the truth, each plead (sic) guilty and Appellant's trial counsel raised his own ineffectiveness, generally, in a timely 1925(b) statement?

_____

[2] The trial court found the notice of appeal to be timely filed.  *See* Trial Court Opinion, at 1.  Appellant filed a Rule 1925(b) statement chiefly claiming three errors, ineffective assistance of plea counsel, fraud in the initial plea agreement, and violations of due process.  *See* Statement of Errors, 5/15/17; *see also* Pa.R.A.P. 1925.

- 3 -

*Anders* Brief, at 3 (emphasis omitted). Counsel confirms that this question was not presented to the trial court. *See id.*

We must first address counsel's petition to withdraw before reaching the merits of the issues raised in the *Anders* brief. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw.").

Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) **set forth counsel's conclusion that the appeal is frivolous; and** (4) **state counsel's reasons for concluding that the appeal is frivolous**. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago,* 978 A.2d at 361 (emphasis added); *see also id.* at 360 (stating, "we hold that a discussion of counsel's reasons for believing that the client's appeal is frivolous is **mandatory** and **must** be included in counsel's brief.") (emphasis added).

This Court has stated that the above-listed requirements are "stringent, and with good reason. A defendant has a constitutional right to a direct

appeal, *see* Pa. Const. Art. I, § 9, and a constitutional right to counsel for his direct appeal." *Commonwealth v. Orellana*, 86 A.3d 877, 881 (Pa. Super. 2014) (some citations and brackets omitted).

The *Santiago* Court explained why it is important that counsel articulate his or her reasons for concluding that an appeal is frivolous, as follows:

> We are persuaded that requiring counsel to articulate the basis for his or her conclusion of frivolity will advance the twin functions counsel's *Anders* brief is to serve, *i.e.*, it will assist the intermediate appellate courts in determining whether counsel has conducted a thorough and diligent review of the case to discover appealable issues and whether the appeal is indeed frivolous. . In this context, we believe that there is real value in putting pen to paper. As the United States Supreme Court has noted, the task of articulating reasons can shed new light on what may at first appear to be an open-and-shut issue. It can also reveal to counsel previously unrecognized aspects of the record or the law and thereby provide a safeguard against a hastily-drawn or mistaken conclusion of frivolity. In addition, we believe that it is often the case that the basis for an attorney's opinion that an appeal is frivolous is not readily apparent, and that accordingly, counsel's explanation will significantly assist the courts in passing upon the soundness of counsel's conclusion, which, in turn, vindicates the right to counsel.

*Santiago*, 978 A.2d at 360-61 (internal citations omitted).

Here, although Attorney Blasetti has styled his brief as "Pursuant to *Anders v. California*," the brief as submitted does not comply with either *Anders* or *Santiago*.

> Counsel did not [ ] advert to his own review of the record or flag anything in the record that he himself saw as having some chance of prevailing on appeal, but which he ultimately rejected as frivolous. Nor did counsel state that there were no such references for him to make. Without one or the other, we are not assured, as *Anders* requires, that counsel fully performed his duty as Santiago's advocate to independently search the record

as a trained advocate with an eye to uncovering appealable error, before concluding that Santiago's appeal was frivolous. Under *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal. The universe of potential claims is not limited to those claims and testimony that counsel's unschooled client believes the court should consider. Therefore, we hold that the brief counsel presently submitted was insufficient.

*Santiago*, 978 A.2d at 360.

In this appeal, counsel does identify one arguable issue, a purported conflict of interest by dual-representation. *See Anders* Brief, at 7-10. However, counsel does not explain why the claim is frivolous. To the contrary, the discussion reads more like an advocate's brief, raising, (although failing to cite controlling authority or identify any other support for), issues of attorney-client privilege, confidentiality, the right to conflict counsel, and so forth. *See id.* at 10. Counsel does not state his reasons for determining that these claims are frivolous, or develop an argument in support of or response to the issues raised, in violation of *Santiago*.

[C]ounsel patently has failed to comply with the remaining strictures of *Anders*/*Santiago* because, rather than concluding that [the] appeal is wholly frivolous, counsel actually concludes that [the] case presents an appellate issue of arguable merit. Because appellate counsel ultimately concludes that [appellant] may have a cognizable issue on appeal, he is precluded, as a matter of law, from concluding that [appellant's] appeal is frivolous. Thus, counsel has failed to comply with the technical requirements of *Anders* and *Santiago*.

*Orellana*, 86 A.3d at 880.

Therefore, this **Anders** brief is more than a case of mere inartful presentation, which we could overlook in order to review the merits. The brief fails to meet the elementary requirement of setting forth the basis for concluding that the issues are frivolous, or of developing an argument in support of Appellant.

Accordingly, we deny counsel's petition to withdraw, without prejudice, and remand so that he may file a brief fully compliant with **Santiago**, or file an advocate's brief, within sixty days of the filing of his memorandum.

Petition to withdraw denied. Case remanded with direction that counsel file either a compliant **Anders**/**Santiago** brief, or an advocate's brief, within sixty days of the date of this memorandum. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/19