J-S39027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SPENCER A. JEFFERSON | |
| Appellant | No. 2893 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 28, 2018
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0005046-2017

BEFORE:  GANTMAN, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 10, 2019**

Appellant, Spencer A. Jefferson, appeals from the August 28, 2018 judgment of sentence imposing 20 to 40 years of incarceration for attempted murder.  Counsel has filed a brief and petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

The record reveals that the victim, who had been Appellant's girlfriend for several years and with whom Appellant had a child, obtained a Protection From Abuse ("PFA") order against him on January 3, 2017.  N.T. Guilty Plea, 3/27/18, at 7.  In the early hours of September 29, 2017, after a contentious

_____

[*] Former Justice specially assigned to the Superior Court.

child custody exchange the evening before, Appellant entered the victim's apartment and stabbed her repeatedly with a butcher knife. *Id.* at 8-9. The victim's new boyfriend, who was outside smoking when Appellant entered, heard the victim screaming. *Id.* He reentered the apartment and subdued Appellant until police arrived. *Id.* The victim had been stabbed 33 times and suffered two collapsed lungs, acute respiratory failure, acute kidney failure, gastric perforation, and shock due to massive blood loss. *Id.* at 9. Appellant's two-year-old son, who was in a bed next to the victim, was covered in blood. *Id.* The victim was hospitalized for three weeks and continues to suffer significant complications from her injuries. *Id.* at 9-10.

On March 27, 2018, Appellant entered a negotiated guilty plea to attempted homicide and burglary stemming from the September 29, 2017 attack on his former girlfriend. The parties agreed that the sentences should run concurrently, but the plea was open as to the length of the sentence. At the conclusion of the August 28, 2018 sentencing hearing, the trial court imposed concurrent sentences of 20 to 40 years of incarceration for attempted homicide and 10 to 20 years of incarceration for burglary. Appellant filed a timely post-sentence motion on September 5, 2018. The trial court denied that motion on September 13, 2018. On October 5, 2018, Appellant filed this timely appeal.

Counsel has filed brief and petition to withdraw in accordance with *Anders* and *Santiago*. Pursuant to *Santiago*, the brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (quoting *Santiago*, 978 A.2d at 361). Counsel must also provide the *Anders* brief to the client and attach a letter advising the client of the right to retain new counsel, proceed *pro se*, or raise points of law in addition to those addressed in the *Anders* Brief. *Id.*

Our review of counsel's filings indicates that he has complied with the foregoing. The brief meets the four *Santiago* requirements, and Counsel's letter to Appellant advised him of his available courses of action. Appellant has taken no action. The *Anders* Brief addresses the trial court's sentencing discretion, an issue Appellant preserved in his timely post-sentence motion. As noted, Appellant preserved this issue in a timely post-sentence motion and he has filed a timely notice of appeal. The *Anders* Brief contains a statement pursuant to Pa.R.A.P. 2119(f) stating that Appellant believes the 40-year maximum term of his sentence is manifestly excessive, disproportionate to the offense he committed, and not in accord with Appellant's need for rehabilitation. *Anders* Brief at 11.

We must consider whether this presents a substantial question. "A substantial question exists 'only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.'" *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012) (quoting *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008)), *appeal denied*, 63 A.3d 774 (Pa. 2013). In *Commonwealth v. Yeomans*, 24 A.3d 1044 (Pa. Super. 2011), the defendant received a sentence of 23 months to 15 years of incarceration, and he argued the 15 year maximum was excessive because it would affect the timing of his release on parole. *Id.* at 1049. In rejecting his argument, this Court noted that the sentencing guidelines apply to the minimum, not maximum term. *Id.* Thus, "when the sentence is within the range prescribed by statute, a challenge to the maximum sentence imposed does not set forth a substantial question as to the appropriateness of the sentence under the guidelines." *Id.* at 1049-50.

Instantly, Appellant's 20-year minimum (which also happens to be the statutory maximum) was the top of the guideline range. In accord with *Yeomans*, Appellant's proposed challenge to the 40-year maximum term does not present a substantial question that his sentence was inappropriate under the guidelines. We agree with counsel's conclusion that this issue is frivolous.

Next, we conduct an independent review of the record. ***Santiago***, 978 a.2d at 355 n.5. Having rejected Appellant's challenge to the maximum term, we discern no other arguable basis upon which Appellant could challenge the trial court's sentencing discretion. As noted, Appellant pled guilty and was sentenced in accord with his plea. "[U]pon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed. ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014). In any event, Appellant's sentence fell within the guidelines, the trial court had the benefit of a pre-sentence investigation, and the court explained its rationale for the sentence on the record at sentencing. N.T. Sentencing, 8/28/18, at 4, 43-49. The guilty plea transcript reveals that the trial court conducted a detailed, on-the-record colloquy, in accord with Pa.R.Crim.P. 590(A) and its accompanying official comment. N.T. Guilty Plea, 3/27/18, at 2-12.

It appears from our independent review of the record that any issue Appellant attempted to raise in this direct appeal would have been frivolous. We therefore affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/10/19</u>