J-S31041-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFERY COFFER | : | |
| | : | |
| Appellant | : | No. 52 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 12, 2017
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001899-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFERY COFFER | : | |
| | : | |
| Appellant | : | No. 53 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 12, 2017
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001900-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFERY ALAN COFFER | : | |
| | : | |
| Appellant | : | No. 54 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 12, 2017
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001280-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| --- | --- | --- |
| v. | : | |
| | : | |
| | : | |
| JEFFERY ALAN COFFER | : | |
| | : | |
| Appellant | : | No. 55 WDA 2019 |

Appeal from the Judgment of Sentence Entered December 20, 2018
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001386-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEFFERY ALAN COFFER | : | |
| | : | |
| Appellant | : | |
| | : | No. 56 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 12, 2017
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001466-2017

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                FILED OCTOBER 22, 2019

Jeffery Alan Coffer appeals from the judgment of sentence entered on September 12, 2017, following his guilty plea to numerous charges in five separate cases.[1] He received an aggregate sentence of six to twelve years of

_____

[1] Specifically, Coffer pled guilty to the following: Possession of a Controlled Substance (35 P.S. § 780-113(a)(16)), Possession of Paraphernalia (35 P.S. § 780-113(a)(32)), Robbery-Threat of Serious Bodily Injury (18 Pa.C.S.A. § 3701(a)(1)(ii)), Terroristic Threats (18 Pa.C.S.A. § 2706(a)(1)), Theft by Unlawful Taking (18 Pa.C.S.A. § 3921(a)), Receiving Stolen Property (18 Pa. C.S.A. § 3925(a)), Recklessly Endangering Another Person (18 Pa.C.S.A. §

incarceration for the charges in all five cases. Coffer's counsel has filed an Anders[2] brief and a petition to withdraw as counsel. We conclude that counsel has failed to comply with the requirements of Anders and Santiago. Therefore, we deny the petition to withdraw and remand for counsel to file either a brief that satisfies all of the Anders/Santiago requirements or an advocate's brief.

We do not reach the merits of the appeal at this time because counsel has not met the requirements pursuant to Anders. See Commonwealth v. Goodwin, 928 A.2d 287, 290 (Pa.Super. 2007) (en banc) (stating that "[w]hen faced with a purported Anders brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw").

In an Anders brief, counsel seeking to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

---

2705), Theft by Deception (18 Pa.C.S.A. § 3922(a)(3)), Forgery (18 Pa.C.S.A. § 4101(a)(2)), Access Device Fraud (18 Pa.C.S.A. § 4106(a)(3)), and Receives Advance Payment for Services (73 P.S. § 517.8(a)(2)). Trial Court Opinion, filed on March 11, 2019, at 1-2.

[2] Anders v. California, 386 U.S. 738 (1967) and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).

Santiago, 978 A.2d at 361 (emphasis added). The Santiago Court held that "a discussion of counsel's reasons for believing that the client's appeal is frivolous is mandatory and must be included in counsel's brief." Id. at 360.

Here, although Coffer's counsel provided a summary of the procedural facts and history of the case and presented two issues that he said arguably supports the appeal, Coffer's counsel did not state his reasons for concluding that Coffer's appeal is frivolous. Instead, counsel stated, in a conclusory fashion and without any explanation, that the issues are meritless. Specifically, counsel simply stated in his Anders brief:

> After a thorough review and conscientious examination of the record, consisting of a review of the official file, a reading of the Notice of Appeal, research and review of the applicable case law and statutes, the Petitioner has determined that the Appellant's Appeal is wholly frivolous.

Anders Br. at 24.

This Court has stated that the requirements for Anders briefs are "stringent, and with good reason." Commonwealth v. Orellana, 86 A.3d 877, 881 (Pa.Super. 2014) (citations omitted). Indeed, a defendant has a constitutional right to a direct appeal and a constitutional right to competent counsel for his or her direct appeal. Id.

Our Supreme Court in Santiago explained why it is important for counsel to articulate his or her reasons for concluding that an appeal is frivolous:

> We are persuaded that requiring counsel to articulate the basis for his or her conclusion of frivolity will advance the

twin functions counsel's Anders brief is to serve, i.e., it will assist the intermediate appellate courts in determining whether counsel has conducted a thorough and diligent review of the case to discover appealable issues and whether the appeal is indeed frivolous. In this context, we believe that there is real value in putting pen to paper. As the United States Supreme Court has noted, the task of articulating reasons can shed new light on what may at first appear to be an open-and-shut issue. It can also reveal to counsel previously unrecognized aspects of the record or the law and thereby provide a safeguard against a hastily-drawn or mistaken conclusion of frivolity. In addition, we believe that it is often the case that the basis for an attorney's opinion that an appeal is frivolous is not readily apparent, and that accordingly, counsel's explanation will significantly assist the courts in passing upon the soundness of counsel's conclusion, which, in turn, vindicates the right to counsel.

Id. at 360-61 (citations omitted).

Instantly, since counsel did not set forth his reasons for concluding that the appeal is frivolous, we conclude that his brief does not substantially comply with the requirements of Anders and Santiago. Accordingly, we deny counsel's motion to withdraw, without prejudice, and remand for counsel to file either a brief that satisfies all of the Anders/Santiago requirements or an advocate's brief, within sixty days of the date of this memorandum.

Petition to withdraw as counsel denied. Case remanded with direction that counsel file either a fully compliant Anders/Santiago brief, or an advocate's brief, within sixty days of the date of this memorandum. Panel jurisdiction retained.