J-S22001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL SINGLETON | : | |
| | : | |
| Appellant | : | No. 1577 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 4, 2020
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001519-2019

BEFORE: PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: OCTOBER 15, 2021**

This matter returns to this Court after we remanded to the trial court to hold a hearing to determine whether Michael Singleton wished to proceed with his appeal from his judgment of sentence for failure to register as a sex offender with counsel or *pro se.* The trial court held the hearing, and Singleton elected to proceed with counsel. Counsel filed an amended Pa.R.A.P. 1925(b) statement of errors complained of on appeal, essentially claiming that requiring Singleton to register as a sex offender pursuant to Subchapter I of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.51-9799.75, violated the constitutional prohibition against *ex post facto* laws. Counsel has now filed a brief pursuant to **Anders v. California,**

_____

[*] Retired Senior Judge assigned to the Superior Court.

386 U.S. 738 (1967), and an application to withdraw from representation. We grant the application, and affirm Singleton's judgment of sentence for his failure to register as a sex offender.

Singleton pled guilty in 2003 to committing a lewd act with a child in South Carolina. The underlying sexual offense took place sometime between 2000 and 2001. In 2019, Singleton moved to Scranton, Pennsylvania and by his own admission, did not comply with Subchapter I's registration requirements as a tier II sex offender within the requisite time period. *See* 42 Pa.C.S.A. § 9799.56(a); *id*. at § 9799.55(a). He was charged with a single count of violating 18 Pa.C.S.A. § 4915.1(a)(2) for failing to notify authorities of his address change and to be photographed.

Singleton was appointed counsel, but he continued to file documents *pro se*. Singleton indicated a desire to proceed *pro se*, but then indicated otherwise in his written waiver of counsel colloquy. The court ordered counsel of record to remain as counsel in an order filed on September 25, 2020. On November 4, 2020, Singleton pled guilty for failing to register as a sex offender pursuant to 18 Pa.C.S.A. § 4915.1(a)(1).[1] However, the court learned that Singleton had mailed a *pro se* notice of appeal from the court's order denying his request to proceed *pro se*. Singleton withdrew the notice of

_____

[1] Pursuant to the plea agreement, Singleton pled guilty to a violation of 18 Pa.C.S.A § 4915.1(a)(1), graded as a felony of the third degree, as opposed to his original charge for violating 18 Pa.C.S.A. § 4915.1 (a)(2), which had been graded as a felony of the second degree.

appeal and the court accepted Singleton's guilty plea. The court sentenced Singleton to 11 ½ to 23 months' imprisonment.

Singleton filed a *pro se* notice of appeal. He then filed a *pro se* application for relief. The Office of the Public Defender of Lackawanna County entered its appearance on behalf of Singleton on March 1, 2021. On March 4, 2021, this Court remanded to the trial court to hold a hearing to determine whether Singleton wished to proceed *pro se* or with counsel. The court held the hearing and issued an order finding that Singleton "unequivocally wishes to pursue his appeal with the assistance of appointed counsel." Trial Court Order, 3/12/21. The court therefore directed appointed counsel to continue as Singleton's counsel. **See id**. Counsel filed a supplemental Pa.R.A.P. 1925(b) statement of errors complained of on appeal, raising two issues:

> A. Whether this court abused its discretion and committed an error of law and imposed an illegal sentence when it determined that [A]ppellant's conviction under SORNA's punitive registration law did not violate state and federal *ex post facto* laws where the sexual offense occurred in South Carolina in 2003 prior to the enactment of Pennsylvania SORNA registration's requirements.
>
> B. Whether this court erred when it determined that Appellant was unconstitutionally subject to registration requirements under … SORNA in violation of **Commonwealth v. Santana**, 241 A.3d 660 (Pa. Super. 2020) and **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), *cert denied sub nom*. **Pennsylvania v. Muniz**[,] [-]--U.S. ---[,]138 S.Ct. 925 (2018)[.]

Amended Statement of Matters Complained of on Appeal, 3/15/21, at 1 (unpaginated).

The trial court issued a supplemental Pa.R.A.P. 1925(a) opinion addressing these two issues. The court initially found that both of the issues were waived as they were outside the scope of issues Singleton was allowed to raise on appeal in light of the fact that he had entered a guilty plea. In any event, the court found that Singleton's issues were clearly without merit under our Supreme Court's decision in **Commonwealth v. LaCombe**, 234 A.3d 602 (Pa. 2020) (holding that Subchapter I of SORNA is nonpunitive and does not violate prohibition against *ex post facto* laws) .

Counsel subsequently filed an **Anders** brief, agreeing with the court that the two issues raised in the supplemental 1925(b) statement were meritless pursuant to **LaCombe**. Counsel also indicated that there were no other non-frivolous issues to appeal, and, along with the **Anders** brief, filed an application to withdraw from representation. As a threshold matter, we have reviewed counsel's brief and application and conclude that they meet the requirements set forth for counsel seeking to withdraw from representation on direct appeal. **See Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa. Super. 2014).[2] Accordingly, we turn to our own review of the appeal to

---

[2] Specifically, counsel seeking to withdraw from representation on direct appeal under **Anders** must file a brief that: 1) provides a summary of the procedural history and facts; 2) refers to anything in the record that counsel believes arguably supports the appeal; and 3) sets forth counsel's conclusions that the appeal is frivolous, and the reasons for that conclusion. **See id**. Counsel must also provide a copy of the **Anders** brief to his client, with an accompanying letter that advises the client of his right to: 1) retain new

*(Footnote Continued Next Page)*

determine if it is wholly frivolous. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (stating that once an appellate court determines that counsel's application and brief satisfy **Anders**, the court must then conduct its own review of the appeal to determine if it is wholly frivolous).

In doing so, we agree with the trial court, the Commonwealth and Singleton's counsel that Singleton's judgment of sentence for his failure to register did not violate the prohibition against *ex post facto* laws. There is no dispute that it is Subchapter I of SORNA that applies to Singleton, as that Subchapter was enacted in 2018 to apply to sexual offenders who, like Singleton, committed their crimes between April 22, 1996 and December 20, 2012. As our Supreme Court stated in **LaCombe**, the retroactive application of Subchapter I "became the operative version of SORNA for those sexual offenders whose crimes occurred between April 22, 1996 and December 20, 2012." 234 A.3d at 615.[3] **LaCombe** directly addressed the question of

_____

counsel to pursue the appeal; 2) proceed *pro se*; or 3) raise additional points deemed worthy of the Court's attention. **See id**. at 880. Counsel for Singleton substantially complied with these requirements here.

[3] **LaCombe** provides a detailed summary of the original SORNA statute that became effective December 20, 2012, our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (plurality) (holding that the retroactive application of SORNA to those who committed their offenses prior to December 20, 2012 was unconstitutional), and the General Assembly's legislative response to **Muniz** in 2018. **See LaCombe**, 234 A.3d at 608-617. As for the latter, the General Assembly divided SORNA into two distinct subchapters: Subchapter H, which applies to sex offenders whose underlying conduct occurred after December 20, 2012 and Subchapter I,
*(Footnote Continued Next Page)*

whether that retroactive application of Subchapter I constituted a violation of the prohibition against *ex post facto* laws. Our Supreme Court held in no uncertain terms that Subchapter I is nonpunitive and is therefore not an unconstitutional *ex post facto* law. **See id**. at 605-606; 626-627. As such, even if Singleton's challenges are not waived, they necessarily fail under **LaCombe**.

In her **Anders** brief, counsel forwards Singleton's contention that it is actually this Court's opinion in **Commonwealth v. Santana**, 241 A.3d 660 (Pa. Super. 2020), *petition for allowance of appeal granted*, 252 A.3d 590 (Pa. 2021), rather than **LaCombe**, that governs his case. The **Santana** Court held that it was an *ex post facto* violation for the Commonwealth to charge and convict Santana for failing to register as a sex offender under the version of SORNA then in effect for a 1983 rape in New York. Importantly, however, as both Singleton's counsel and the Commonwealth point out, **Santana** did not involve Subchapter I of SORNA. Unlike Singleton, Santana was subject to SORNA's registration requirements before Subchapter I was enacted in 2018. Here, in contrast, Singleton was charged with violating SORNA's registration

---

which, as noted above, applies to sex offenders whose underlying conduct occurred between April 22, 1996 and December 20, 2012. **See id**. at 607 n.4.

requirements in 2019, after Subchapter I had been enacted.[4] Therefore, Singleton, unlike Santana, was subject to the registration requirements of Subchapter I, which ***LaCombe*** clearly and definitively held is not punitive and is not an unconstitutional *ex post facto* law.

We therefore agree with counsel that the two issues Singleton wished to raise on appeal are without merit. We have reviewed the record and the appeal and do not discern any other claims that are non-frivolous. Accordingly, we grant counsel's application to withdraw and affirm Singleton's judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2021

---

[4] Moreover, Subchapter I only applies to sexual offenses committed between April 22, 1996 but before December 20, 2012, and Santana committed rape in 1983. As noted above, Singleton's sexual offense occurred between 2001 and 2002, within Subchapter I's timeframe. We recognize that the ***Santana*** Court noted the issue of whether the Commonwealth could constitutionally subject Santana to Subchapter I's registration provisions was not before the Court and so the Court's decision did not address that issue or Subchapter I in general. ***See Santana***, 241 A.3d at 669 n.10. There is no question here that Subchapter I applied to Singleton.