J-A21015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD LEWIS | : | |
| | : | |
| Appellant | : | No. 1261 EDA 2017 |

Appeal from the Judgment of Sentence March 22, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006075-2015

BEFORE: PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY PANELLA, J.:              **FILED SEPTEMBER 10, 2019**

Edward Lewis appeals from the judgment of sentence following his open

guilty plea to possession of marijuana by an inmate, 18 Pa.C.S.A. § 5123, and

conspiracy to commit possession of marijuana by an inmate, 18 Pa.C.S.A.

§ 903. Lewis asserts that his counseled waiver of any claim of his plea

counsel's potential conflict of interest was not knowing, voluntary, and

intelligent. Appellate counsel has filed an **Anders** Brief, and an application to

withdraw.[1] We conclude that counsel has substantially complied with the

requirements of **Anders** and **Santiago**, and explained why the issue is wholly

_____

[1] **See Anders v. California**, 386 U.S. 738 (1967).

frivolous.[2]   Accordingly, we grant the petition to withdraw and affirm the judgment of sentence.

Briefly summarized for background, Pennsylvania State Police arrested Lewis and his girlfriend, Najeeyah Robinson, after prison officials at SCI Chester intercepted telephone conversations in which the pair plotted (in coded language) for Robinson to bring a controlled substance to Lewis, then an inmate.  The arrests stemmed from events which occurred on March 9, 2015.  During a pre-visit search at the prison, a state trooper found a wrapped package of a green leafy substance, later confirmed to be marijuana, hidden in Robinson's underwear.

On October 21, 2016, after both a written and an extensive on-the-record oral colloquy, the trial court found Lewis's guilty plea to be knowing, voluntary, and intelligent and accepted the counseled open guilty plea to the two charges previously noted.  **See** N.T., Guilty Plea, 10/21/2016, at 14. Notably for this appeal, at the hearing Lewis also waived any objection to representation by a lawyer from the same firm that represented his co-defendant, Robinson.  **See id.** at 8.

At the sentencing hearing, on March 22, 2017, Lewis made an oral motion to withdraw his plea.  He was apparently upset that his co-defendant, who had also pleaded guilty, received a lighter sentence.  **See** N.T.

---

[2] **See Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Sentencing, 3/22/17, at 4; **see also** Trial Court Opinion, 1/19/18, at 2 (Lewis believed he did not get a "good enough deal").

After denying Lewis's motion to withdraw the plea, the court sentenced him to two concurrent terms of not less than thirty-five nor more than seventy months of incarceration in a state correctional institution.

This appeal followed.[3]  This Court granted Attorney Richard DeSipio's April 26, 2017 "Motion to Withdraw as Counsel," on May 23, 2017, and directed the trial court to determine if Lewis was eligible for appointed counsel. **See** Order, 5/23/17.  The trial court complied and in due course, appointed Richard J. Blasetti, Esq. of the Delaware County Defender's office to represent Lewis.  Attorney Blasetti filed an **Anders** brief, and an application to withdraw as counsel.  Lewis did not reply to counsel's notice and **Anders** brief.

The **Anders** brief contains one claim, which we reproduce verbatim:

> Should this case be remanded because a lawyer from Appellant's Trial Counsel's firm represented Appellant's codefendant?

**Anders** Brief, at 3 (emphasis omitted).  Counsel confirms that this question was not presented to the trial court.  **See id.**

---

[3] The trial court found the notice of appeal to be timely filed.  **See** Trial Court Opinion, at 1.  Lewis filed a Rule 1925(b) statement chiefly claiming three errors, ineffective assistance of plea counsel, fraud in the initial plea agreement, and violations of due process.  **See** Statement of Errors, 5/15/17; **see also** Pa.R.A.P. 1925.

We must first address counsel's petition to withdraw before reaching the merits of the issue raised in the ***Anders*** brief. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw.").

Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) **set forth counsel's conclusion that the appeal is frivolous; and** (4) **state counsel's reasons for concluding that the appeal is frivolous**. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago,*** 978 A.2d at 361 (emphasis added); ***see also id.*** at 360 (stating, "we hold that a discussion of counsel's reasons for believing that the client's appeal is frivolous is **mandatory** and **must** be included in counsel's brief.") (emphasis added).

This Court has stated that the above-listed requirements are "stringent, and with good reason. A defendant has a constitutional right to a direct appeal, ***see*** Pa. Const. Art. I, § 9, and a constitutional right to counsel for his

direct appeal." ***Commonwealth v. Orellana***, 86 A.3d 877, 881 (Pa. Super. 2014) (some citations and brackets omitted).

The ***Santiago*** Court explained why it is important that counsel articulate his or her reasons for concluding that an appeal is frivolous, as follows:

> We are persuaded that requiring counsel to articulate the basis for his or her conclusion of frivolity will advance the twin functions counsel's ***Anders*** brief is to serve, *i.e.*, it will assist the intermediate appellate courts in determining whether counsel has conducted a thorough and diligent review of the case to discover appealable issues and whether the appeal is indeed frivolous. . In this context, we believe that there is real value in putting pen to paper. As the United States Supreme Court has noted, the task of articulating reasons can shed new light on what may at first appear to be an open-and-shut issue. It can also reveal to counsel previously unrecognized aspects of the record or the law and thereby provide a safeguard against a hastily-drawn or mistaken conclusion of frivolity. In addition, we believe that it is often the case that the basis for an attorney's opinion that an appeal is frivolous is not readily apparent, and that accordingly, counsel's explanation will significantly assist the courts in passing upon the soundness of counsel's conclusion, which, in turn, vindicates the right to counsel.

***Santiago***, 978 A.2d at 360-61 (internal citations omitted).

Here, Attorney Blasetti has submitted an ***Anders*** brief which substantially complies with ***Anders*** and ***Santiago***. He presented an issue of arguable merit (both codefendants represented by attorneys from same law firm). ***See Anders*** Brief, at 7-10. However, counsel explains why the claim is frivolous, in particular because the trial court as well as plea counsel colloquied Lewis extensively and clearly informed him of the potential risk of representation by two lawyers from the same firm. The trial court decided that Lewis' waiver of the potential conflict was knowing, intelligent and

voluntary. **See** N.T., Guilty Plea Hearing, 10/21/16, at 14. Therefore, counsel has explained his reasons for determining that the claim is frivolous.

On independent review, we find no other non-frivolous issues that would support an appeal. Accordingly, we grant counsel's petition to withdraw, and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/19