J-S54039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE MANUEL FEBRES | : | |
| | : | |
| Appellant | : | No. 601 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 22, 2019
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s):  CP-44-CR-0000164-2018

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 13, 2019**

Appellant, Jose Manuel Febres, appeals from the Judgment of Sentence entered in the Mifflin County Court of Common Pleas following his conviction for Criminal Attempt-Criminal Homicide, two counts Aggravated Assault, Terroristic Threats, two counts Recklessly Endangering Another Person ("REAP"), and Simple Assault.[1] With this appeal, Appellant's counsel has filed a Petition to Withdraw as Counsel and an **Anders**[2] brief.  We conclude that counsel's **Anders** brief is deficient. Therefore, we deny counsel's Petition to Withdraw and direct counsel to file either a compliant **Anders** brief or an advocate's brief.

---

[1] 18 Pa.C.S. §§ 901(a), 2702(a), 2706(a)(1), 2705, and 2701(a)(1), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

A detailed recitation of the facts and procedural history is not necessary to our disposition. Briefly, following a jury trial, Appellant was convicted of the above crimes. On March 22, 2019, the trial court sentenced Appellant to an aggregate term of 21 to 42 years of imprisonment.[3] Appellant did not file a post-sentence motion.

Appellant timely filed a Notice of Appeal. Thereafter, counsel filed a Statement of Intent to File an **Anders** Brief. **See** Pa.R.A.P. 1925(c)(4). Accordingly, the trial court did not file a Rule 1925(a) Opinion.

Appellant's counsel filed an **Anders** Brief[4] and a Petition to Withdraw as Counsel with this Court. Counsel attached to his Brief a copy of a letter he sent to Appellant informing him that he filed a Petition to Withdraw, and of his right to retain new counsel or raise any additional points. Appellant did not file a response.

This Court may not review the merits of the underlying issues without first passing on the request to withdraw. **Commonwealth v. Daniels**, 999

---

[3] For sentencing purposes, the trial court merged two counts Aggravated Assault, Terroristic Threats, one count REAP, and Simple Assault convictions with the Criminal Attempt-Criminal Homicide conviction.

[4] Counsel filed one document which contains his Petition to Withdraw as Counsel, and what appear to be two separate **Anders** briefs, one entitled "Brief in Accordance with **Commonwealth v. Santiago**, 978 A[.]2d 349 (Pa[.] 2009)" and the other with the heading "**Commonwealth v. Jose Manuel Febres**. Appeal from Judg[]ment of Sentence of the Court of Common Pleas, Criminal Trial Docket No. CP 44 CR 164 2018 dated March 22, 2019." Each Brief contains questions presented, a factual and procedural history, brief argument, and a conclusion. The document is consecutively paginated. Therefore, we will cite to this document as "**Anders** Brief."

A.2d 590, 593 (Pa. Super. 2010). In order for counsel to withdraw from an appeal, our Supreme Court has determined that counsel must file a brief pursuant to **Anders** that: (1) provides a summary of the procedural history and facts, with citations to the record; (2) refers to anything in the record that counsel believes arguably supports the appeal; (3) sets forth counsel's conclusion that the appeal is frivolous; and (4) states counsel's reasons for concluding that the appeal is frivolous. **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). "Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." **Id.**

In addition, counsel must provide a copy of the **Anders** brief to his client with a letter advising the client of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (citation omitted).

If counsel does not fulfill the technical requirements of **Anders**, we will deny the application to withdraw and remand the case with appropriate instructions. **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

In the instant matter, counsel confirms that he sent Appellant a copy of the **Anders** Brief and Petition to Withdraw, as well as a letter explaining to

Appellant that he has the right to retain new counsel, proceed *pro se*, or to raise any additional points. Nonetheless, our review of the **Anders** Brief indicates counsel did not comply with the requirements set forth by the Pennsylvania Supreme Court in **Santiago**, **supra**. Counsel identifies three issues that may have arguable merit: (1) a challenge to the sufficiency of evidence; (2) a challenge to the sentence; and (3) newly discovered evidence.[5] **Anders** Brief at 3, 5-6. 8-9. However, counsel fails to adequately state the reasons for concluding that each of the issues that may have arguable merit are frivolous.

With respect to the sufficiency challenge, counsel purports to challenge the sufficiency of evidence supporting all seven of Appellant's convictions. **Id.** at 8. However, he does not set forth the statutes defining the elements of the crimes, or which element of which crime his client would challenge as not proven. Rather, he summarizes the evidence in one sentence and then concludes that the evidence was sufficient to support the guilty verdict. **Id.** Because counsel does not adequately articulate the relevant facts of record, controlling case law, and/or statutes on point to support his conclusion that the issue lacks merit, he fails to satisfy the requirements of **Anders**. **Santiago**, 978 A.2d at 361.

---

[5] Although counsel introduces this as a credibility challenge, it is an allegation that Appellant learned after trial that the victim lied on the stand regarding the reason she left her job. **See Anders** Brief at 3.

- 4 -

With respect to the sentencing challenge, counsel notes that Appellant has a significant criminal history, is a repeat felony offender, and was sentenced in the high end of the guidelines. **Anders** Brief at 2-3, 8-9. He does not cite to case law and/or statutes, and his argument is unclear as to whether Appellant challenges the legality or the discretionary aspects of his sentence. **Id.** Counsel fails to state his reasons for concluding that the issue is frivolous, and therefore, has failed to satisfy the requirements of **Anders**. **Santiago**, 978 A.2d at 361.

With respect to Appellant's newly discovered evidence allegation, counsel summarily concludes that the information regarding the victim's credibility would have had a "*de minimis* impact[.]" **Anders** Brief at 3. Counsel does not articulate the relevant facts of record, controlling case law, and/or statutes on point, and has not provided any reason for his conclusion that there is no merit to the issue. **Santiago**, 978 A.2d at 361. Thus, counsel failed to comply with the requirements of **Anders**.

Accordingly, we deny counsel's Petition to Withdraw as Counsel and remand for the filing of a compliant **Anders** brief or an advocate's brief within 14 days of the date of this Order. Appellant and the Commonwealth may respond within 14 days of counsel's filing of his Brief.

Petition to Withdraw as Counsel denied. Jurisdiction retained.