J-S60026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL E. PIECZYNSKI | |
| Appellant | No. 304 MDA 2019 |

Appeal from the Judgment of Sentence imposed January 15, 2019
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0002993-2017

BEFORE: SHOGAN, STABILE, and PELLEGRINI,[*] JJ.

MEMORANDUM BY STABILE, J.: **FILED JANUARY 21, 2020**

Appellant, Paul E. Pieczynski, appeals from the judgment of sentence the Court of Common Pleas of Luzerne County imposed on January 15, 2019. Counsel has filed a brief and petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw, and affirm Appellant's judgment of sentence.

The facts and procedural history of the case are undisputed. Briefly, on January 15, 2019, Appellant entered an open guilty plea to one count of possession of heroin, 35 Pa.C.S.A. § 780-113(a)(16). On the same day,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant was sentenced to a four-month term of probation. Appellant did not file a post-sentence motion. This appeal followed.

On appeal, counsel filed an *Anders* brief and raises only one issue that arguably supports this appeal: the discretionary aspects of Appellant's sentence. Specifically, Appellant argues that the sentencing court abused its discretion in fashioning his sentence.

Before we address the merits of the challenge, we must consider the adequacy of counsel's compliance with *Anders* and *Santiago*. Our Supreme Court requires counsel to do the following.

> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 879–80 (Pa. Super. 2014).

Upon review of the record, we conclude counsel has satisfied the requirements set forth in **Anders** and **Santiago**.

Having determined that the **Anders** and **Santiago** requirements are satisfied, it is incumbent upon this Court to "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

As noted, Appellant alleges an abuse of discretion by the sentencing court in fashioning his sentence. While not stated, it would appear Appellant is arguing the sentence was excessive.

Because challenges to the discretionary aspects do not entitle an appellant to appellate review as of right, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test to determine: 1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **See Commonwealth v. Moury**, 992 A.2d 162, 169-70 (Pa. Super. 2010).

We cannot address the merits of Appellant's contention for two reasons. First, Appellant failed to preserve the underlying claim before the trial court.

Indeed, the record indicates that the challenge was not raised at the time of sentencing, and that it was not raised in a post-sentence motion. Absent such an effort, an objection to the discretionary aspects of a sentence is waived. *See*, *e.g.*, *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013).

Second, Appellant failed to raise a substantial question for our review. Indeed, Appellant provides no reasons at all that would justify our review. *See*, *e.g.*, *Commonwealth v. Reynolds*, 835 A.2d 720, 733 (Pa. Super. 2003) ("Bald allegations of excessiveness are insufficient" to raise a substantial question).

In light of the foregoing, we conclude that Appellant has failed to invoke our jurisdiction. Accordingly, we are precluded from addressing Appellant's challenge to the discretionary aspects of his sentence, and we affirm Appellant's judgment of sentence. *See Moury*, *supra*.

Counsel's petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2020

- 4 -