NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL DISMAS MORRISROE | : | |
| | : | |
| Appellant | : | No. 1265 WDA 2019 |

Appeal from the Judgment of Sentence Entered February 22, 2017
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000451-2015

BEFORE: LAZARUS, J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.: FILED MAY 22, 2020

Appellant, Paul Dismas Morrisroe, appeals from the Judgment of Sentence entered on February 22, 2017. Appointed counsel, Christopher Martini, Esq., seeks to withdraw his representation of Appellant pursuant to Anders v. California, 386 U.S. 738 (1967). Our review indicates that Appellant has preserved issues of arguable merit. Thus, we deny counsel's Petition to Withdraw and direct counsel to file an advocate's brief.

In January 2017, a jury convicted Appellant of Homicide by Vehicle While Driving Under the Influence[1] and other crimes based, in part, upon evidence that Appellant's pickup truck collided with the victim's motorcycle, causing the victim's death. See Trial Ct. Op., filed 3/8/19, at 39.

_____

[1] 75 Pa.C.S. § 3735(a)(1).

In February 2017, the trial court sentenced Appellant to an aggregate term of seven and one-half to fifteen years of incarceration. See Sentencing Order, 2/22/17. Appellant timely appealed, but we ultimately dismissed the appeal for failure to file a brief. See Order, 460 WDA 2017 (Pa. Super. filed March 19, 2018).

Following collateral proceedings that reinstated Appellant's direct appeal rights, Appellant filed the instant appeal. Appointed counsel filed a lengthy Pa.R.A.P. 1925(b) Statement in which he raised twenty-nine issues. In its responsive and comprehensive Opinion, the trial court concluded that some issues were waived as impermissibly vague but nevertheless addressed the substantive merits of numerous issues. See Trial Ct. Op. at 3-78.

In this Court, counsel sought a remand to the trial court with leave to file an amended Rule 1925(b) Statement. Application for Remand, 2/1/20. According to counsel, the Statement failed to preserve any issues for appeal. Id. We denied relief. See Order, 1265 WDA 2019 (Pa. Super. filed Feb. 13, 2020). Counsel then filed an Anders Brief asserting that this appeal is frivolous because all issues had been waived. Anders Br. at 13-16. Counsel also filed an Application to Withdraw.[2]

_____

[2] In the Application for Remand, Anders Brief, and Application to Withdraw, counsel relies on Commonwealth v. Parrish, 224 A.3d 682 (Pa. 2020), where our Supreme Court held that "PCRA counsel's filing of a vague Rule 1925(b) statement, which has completely forfeited Appellant's right to appellate review of all of his collateral claims, constitutes ineffective assistance of counsel per se", thus warranting remand for the preparation of a new Rule

Although counsel has complied with the technical requirements of Anders[3], we deny his Application to Withdraw. The law requires that we conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." Commonwealth v. Dempster, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc). In this case, the trial court authored a comprehensive Opinion in which it addressed the substantive merits of numerous issues preserved in Appellant's Rule 1925(b) Statement. See Trial Ct. Op. at 3-78. Our review of that Opinion, as well as an independent review of the record, indicates that Appellant raised arguably meritorious issues that warrant counsel's advocacy.

Therefore, we direct Appellant to conduct an appropriate review of the record and file in this Court an advocate's brief on Appellant's behalf within sixty days. The Commonwealth may respond within thirty days of counsel's brief.

Petition to Withdraw denied. Anders Brief stricken. Panel jurisdiction retained.

_____

1925(b) statement nunc pro tunc. Id. at 701-02. Counsel's reliance on Parrish is misplaced, because the trial court did not find all of Appellant's issues waived.

[3] See Commonwealth v. Santiago, 978 A.2d 349, 361 (Pa. 2009) (addressing Anders briefing requirements); Commonwealth v. Orellana, 86 A.3d 877, 880 (Pa. Super. 2014) (requiring that counsel apprise an appellant of his rights where counsel seeks to withdraw).